889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GAHAGAN, Defendant-Appellant.
 No. 88-1878.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges and ENGEL, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Michael Gahagan, appeals from his conviction under 18 U.S.C. Sec. 1001 for knowingly making false statements to a probation officer.
 
 
 2
 Defendant first suggests that evidence was improperly admitted as "bad acts" evidence under Fed.R.Evid. 404(b). The government's theory was that Gahagan had attempted to conceal certain assets to avoid their forfeiture. He had signed a document which purportedly gave his mother a $20,000 mortgage on a parcel of land that he owned, yet did not list any of the proceeds received. The government sought to prove that Gahagan had either listed a "sham" mortgage on the financial form, or omitted to list any payments received. That evidence was not introduced to discredit him or to establish that he is a dishonest person; rather, it was introduced as evidence of a plan to conceal assets as permitted by Rule 404(b). See Huddleston v. United States, 485 U.S. 681 (1988).
 
 
 3
 The principal issue relied upon in this appeal is whether Fed.R.Crim.P. 11(e)(6) prohibited the introduction into evidence of a statement made pursuant to a plea agreement in another action. During cross-examination by the government, Gahagan stated he had sold small quantities of hashish and marijuana, but was only "an ounce dealer." In response to that statement, the government was permitted to establish that Gahagan had previously stated that he had once acted as a middleman in a scheme involving 1,000 pounds of marijuana. That statement was obtained pursuant to a consummated plea agreement to a prior drug trafficking charge. Gahagan had pleaded guilty and agreed to be debriefed by government officials, and it was late in the course of that subsequent debriefing that he made the statement. Counsel objected to its use as prejudicial, relating to a collateral matter, and inappropriate on rebuttal; but he never mentioned Fed.R.Crim.P. 11.
 
 
 4
 But, even if we were to assume that the issue is properly before us, the rule does not apply to the circumstances of this case, according to its own language. Fed.R.Crim.P. 11(e)(6) reads as follows:
 
 
 5
 Inadmissibility of Pleas, Plea Discussions, and Related Statements. Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
 
 
 6
 (A) a plea of guilty which was later withdrawn;
 
 
 7
 (B) a plea of nolo contendere;
 
 
 8
 (C) any statement made in the course of any proceedings under this rule regarding either of the foregoing pleas; or
 
 
 9
 (D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.
 
 
 10
 However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.
 
 
 11
 Because Gahagan had not withdrawn his guilty plea to the drug trafficking charges, Rule 11 is not implicated.
 
 
 12
 Furthermore, the statement was not made as part of the actual plea negotiations, but rather in accordance with a consummated plea agreement. Indeed, plea negotiations often result in a defendant's agreeing to cooperate with government officials by providing information. Rule 11 was not intended to prohibit the use of those types of subsequent statements in later proceedings. Any other view would allow a defendant to use the rule as a sword in a subsequent case in order to lie with impunity. Accordingly, the rule only prohibits the use of a statement made during actual plea negotiations, and not statements, such as these, made as a result of the consummated plea agreement.
 
 
 13
 Defendant also contended that there was insufficient evidence to convict him, since he no longer owned the 1965 Pontiac at the time he gave the financial disclosure form to his probation officer. A similar argument was found to have merit by another panel of this court in an appeal brought by defendant's brother, Daniel. See United States v. Gahagan, 881 F.2d 1380 (6th Cir.1989). In that appeal, a split panel concluded that Daniel could not be guilty of concealing ownership of a Jaguar automobile from his probation officer since under applicable Colorado laws determining automobile ownership, he had transferred ownership of the vehicle to another prior to his completion of the financial report he gave to the probation officer. Accordingly, Michael Gahagan's conviction must be vacated and the cause remanded to the district court for consideration of the case in view of the principles announced in that opinion. Ownership of the Pontiac, for example, will need to be considered under applicable Michigan law, rather than Colorado law. In addition, the district court may be asked to determined whether, in view of the differences existing in the charging indictments in the two cases, defendant's case was tried under a theory that would allow his conviction to stand even if ownership had changed under Michigan law.
 
 
 14
 The conviction is vacated and this cause is remanded to the district court for further proceedings according to law and consistent with this opinion.
 
 
 
 *
 The Honorable Albert J. Engel became Senior Circuit Judge on October 1, 1989