894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio DIXON, Defendant-Appellant.
 No. 89-5113.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1990.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Appellant challenges his jury convictions for conspiracy to distribute Dilaudid, 21 U.S.C. Sec. 846, conspiracy to wrongfully possess or acquire food coupons, 18 U.S.C. Sec. 371, possessing with intent to distribute Dilaudid, 21 U.S.C. Sec. 841(a)(1), wrongfully possessing or acquiring food coupons, 7 U.S.C. Sec. 2024(b), and aiding and abetting violations of 21 U.S.C. Sec. 841(a)(1) and 7 U.S.C. Sec. 2024(b). Appellant urges that the trial court erred in (1) admitting evidence of a prior arrest without examining such evidence's admissibility pursuant to Federal Rule of Evidence 404(b); and (2) in admitting a tape recorded conversation into evidence absent proper foundation. For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 Appellant was named in five counts of a 27-count indictment brought against nine defendants, essentially alleging the existence of a conspiracy from December 1, 1987, to February 29, 1988, to illegally distribute Dilaudid in exchange for food coupons. In January and February of 1988, during investigation of the alleged conspiracy, an informant and an undercover Drug Enforcement Administration (DEA) agent attempted to purchase, with food coupons, Dilaudid from the appellant. Both the informant and the DEA agent wore transmitting devices and recorders during these purchase attempts.
 
 
 3
 On February 26, 1988, Nashville police, in a separate investigation, arrested the appellant and found in his possession seven Dilaudid tablets, more than $400.00 in cash, some weapons, and marijuana. Charges stemming from this arrest were pending in state court during the trial underlying this appeal.
 
 
 4
 Prior to trial, appellant filed a motion in limine seeking preclusion of any testimony or evidence relevant to the February 1988 arrest. Appellant urged that such evidence failed to meet any of the admission criteria under Federal Rule of Evidence 404(b) (Rule 404(b)), and that even assuming admissibility under Rule 404(b), the prejudicial effect of this evidence substantially outweighed its probative value, contrary to Federal Rule of Evidence 403 (Rule 403). The district court admitted the testimony regarding the arrest to the extent that appellant was found in possession of Dilaudid and $400.00 in cash. In so doing, the district court found such evidence, as it occurred during the period of the alleged conspiracy, relevant to establishing the elements of the charged criminal conspiracy, and therefore not subject to Rule 404(b) analysis.
 
 
 5
 During trial, appellant sought exclusion of tape recorded conversations of January 19, and February 11, 1988, involving appellant, a DEA agent, and a government informant. Appellant contended that the government laid an inadequate foundation for introduction of the tapes, as no witness testified regarding the operation and proper functioning of the recording equipment. The district court, in overruling the objection, apparently determined that sufficient additional circumstances existed assuring the authenticity of the tapes, and that therefore testimony regarding the operation of the equipment was unnecessary.
 
 II.
 
 6
 Federal Rule of Evidence 404(b) provides that
 
 
 7
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 8
 Fed.R.Evid. 404(b). As appellant accurately notes, this rule reflects a general prohibition against the introduction into evidence of extrinsic acts potentially damaging to a witness' character. Such evidence may, however, be admitted to establish some collateral matter, as suggested in the second sentence of Rule 404(b). Introduction of extrinsic acts evidence pursuant to one of the 404(b) exceptions is subject to Federal Rule of Evidence 403, directing district courts to weigh the probative value of such evidence against any potential prejudicial effect. See Huddleston v. United States, 485 U.S. 681 (1988).
 
 
 9
 Appellant urges the district court erred in failing to apply the above analysis when admitting into evidence testimony concerning appellant's February 26, 1988, arrest. The district court omitted such analysis through its belief that evidence of the arrest, as it occurred during the period of the conspiracy alleged in the indictment, represented substantive proof of the offense charged. As such, the district court implicitly found that the arrest evidence was not offered to attack the appellant's character, and rather was admissible to establish an element of the government's case.
 
 
 10
 To prevail on a conspiracy charge, the government must demonstrate that (1) a conspiracy existed; (2) the accused knew of the conspiracy; and (3) the accused knowingly and voluntarily joined the conspiracy. United States v. Cooper, 868 F.2d 1505, 1514 (6th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 2440 (1989). The district court found appellant's February 26, 1988, arrest was "evidence in support of the conspiracy during the course of, and I assume the Government will urge [the evidence is] in furtherance of the conspiracy." As such, the evidence is probative of the allegation that the appellant "knowingly and voluntarily joined the conspiracy." In United States v. Tripp, 782 F.2d 38, 41 (6th Cir.) cert. denied, 475 U.S. 1128 (1986), we concurred with the government in finding that evidence of certain card games was admissible as substantive evidence of the underlying gambling conspiracy charge, and that therefore Rule 404(b) analysis was unnecessary. We did, however, note that notwithstanding inapplicability of Rule 404(b), the district court should nonetheless engage in Rule 403 balancing prior to ruling on such evidence's admissibility. Id.; see also United States v. Passarella, 788 F.2d 377, 383-384 (6th Cir.1986).
 
 
 11
 Undeniably, the district court in the present case failed to engage in Rule 403 balancing. On review, we conclude this was harmless error. Clearly, the arrest evidence was probative of appellant's participation in the alleged conspiracy, and appellant can hardly argue that any prejudice resulting from its admission into evidence substantially outweighs its probative value. Fed.R.Evid. 403. Thus, we conclude that the district court did not err in admitting evidence of appellant's February 26, 1988, arrest as substantive proof of the conspiracy charged in the relevant indictment. United States v. Zelinka, 862 F.2d 92 (6th Cir.1988), is not to the contrary. There, we found an abuse of discretion in admitting evidence of cocaine possession seventeen months following termination of an alleged drug conspiracy, since the district court failed to "requir[e] the prosecutor to show its relevance and the necessity for its admission." Id. at 99. We nevertheless acknowledged the possibility of admitting drug possession evidence for purposes of establishing conspiracy, provided the possession existed during the time frame pertinent to the conspiracy. Id.
 
 III.
 
 12
 Appellant additionally asserts error in the trial court's admission of tape recorded conversations of January 19 and February 11, 1988, into evidence. Appellant urges that the government laid an insufficient foundation for the tapes' authenticity, and specifically objected at trial to the absence of any testimony regarding the recording capability of the relevant machinery.[1]
 
 
 13
 In United States v. Robinson, 707 F.2d 872 (6th Cir.1983), we noted that "it is well-settled that the admission of tape recordings rests within the sound discretion of the trial court," subject to the requirement that such tapes be "authentic, accurate, and trustworthy." Id. at 876. Appellant challenges the authenticity of the tapes, arguing that the failure to produce testimony concerning the functional capability of the alleged recording device renders the tapes themselves suspect, and therefore inadmissible. Appellant argued to the trial court that "[h]e has responded to questions about [the recording device] but hasn't been able to come in and say that this [recording device], ..., was properly operating, properly functioning...." Joint App. at 84. While the record is anything but clear, it appears that the testifying witness appellant refers to in his objection is the government informant, who was present at and participated in the recording. Appellant suggests that the proper procedure would have been to have the DEA agent testify that the "tape was operating functionally, ..., [and] this tape therefore was accurate." Joint App. at 84. The narrow issue, therefore, is whether the district court's failure to require a separate witness to testify concerning the functioning of the recording device rendered the pertinent tapes inadmissible.
 
 
 14
 We have uncovered no authority directly on point in this circuit. United States v. Moss, 591 F.2d 428 (8th Cir.1979), however, is instructive. There, the defendant objected to the admission of recorded evidence because "the FBI agent in charge of the monitoring admitted [through testimony] that he failed to check the recording equipment to ascertain its capacity of picking up sound." Id. at 433. The Eighth Circuit rejected this argument, finding that "the very fact of the existence of the tape recordings establishes that the recording devices were capable of picking up sounds," and that others present during the taping "reviewed the recordings and testified that the tapes accurately and fully portrayed their conversations with the defendant." Id. Thus, the government had sufficiently complied with foundational requirements for admission of recorded conversations.
 
 
 15
 The circumstances surrounding admission of the recorded conversations in the present case are substantially similar to those in Moss. The witness testifying regarding the accuracy of the tapes' contents was present during the relevant conversations, and in fact used the recording equipment. Furthermore, the DEA agent testified to the accuracy of the contents of the recording of the January 19, 1988, conversation. On this basis, and on the Moss court's reasoning, we find the district court properly admitted the recordings of appellant's January 19 and February 11, 1988, conversations.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable James Harvey, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 While appellant, on appeal, raises the originality of the tapes as a basis for denying the tapes' admission, no objection on this basis was lodged at trial, and is thereby waived