# HUDDLESTON v. UNITED STATES

No. 87–6.   Argued March 23, 1988—Decided May 2, 1988

REHNQUIST, C. J., delivered the opinion for a unanimous Court.

*Don Ferris* argued the cause and filed briefs for petitioner.
*Deputy Solicitor General Bryson* argued the cause for the
United States. With him on the brief were *Solicitor General
Fried, Assistant Attorney General Weld, Jeffrey P. Minear,*
and *Thomas E. Booth.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the
Court.

Federal Rule of Evidence 404(b) provides:

> "Other crimes, wrongs, or acts.—Evidence of other
> crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show action in conform-
> ity therewith. It may, however, be admissible for other
> purposes, such as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity, or absence of
> mistake or accident."

This case presents the question whether the district court
must itself make a preliminary finding that the Government
has proved the "other act" by a preponderance of the evi-
dence before it submits the evidence to the jury. We hold
that it need not do so.

Petitioner, Guy Rufus Huddleston, was charged with one
count of selling stolen goods in interstate commerce, 18
U. S. C. § 2315, and one count of possessing stolen property
in interstate commerce, 18 U. S. C. § 659. The two counts
related to two portions of a shipment of stolen Memorex
videocassette tapes that petitioner was alleged to have pos-
sessed and sold, knowing that they were stolen.

The evidence at trial showed that a trailer containing over
32,000 blank Memorex videocassette tapes with a manufac-
turing cost of $4.53 per tape was stolen from the Overnight
Express yard in South Holland, Illinois, sometime between
April 11 and 15, 1985. On April 17, 1985, petitioner con-
tacted Karen Curry, the manager of the Magic Rent-to-Own

in Ypsilanti, Michigan, seeking her assistance in selling a large number of blank Memorex videocassette tapes. After assuring Curry that the tapes were not stolen, he told her he wished to sell them in lots of at least 500 at $2.75 to $3 per tape. Curry subsequently arranged for the sale of a total of 5,000 tapes, which petitioner delivered to the various purchasers—who apparently believed the sales were legitimate.

There was no dispute that the tapes which petitioner sold were stolen; the only material issue at trial was whether petitioner knew they were stolen. The District Court allowed the Government to introduce evidence of "similar acts" under Rule 404(b), concluding that such evidence had "clear relevance as to [petitioner's knowledge]." App. 11. The first piece of similar act evidence offered by the Government was the testimony of Paul Toney, a record store owner. He testified that in February 1985, petitioner offered to sell new 12″ black and white televisions for $28 apiece. According to Toney, petitioner indicated that he could obtain several thousand of these televisions. Petitioner and Toney eventually traveled to the Magic Rent-to-Own, where Toney purchased 20 of the televisions. Several days later, Toney purchased 18 more televisions.

The second piece of similar act evidence was the testimony of Robert Nelson, an undercover FBI agent posing as a buyer for an appliance store. Nelson testified that in May 1985, petitioner offered to sell him a large quantity of Amana appliances—28 refrigerators, 2 ranges, and 40 icemakers. Nelson agreed to pay $8,000 for the appliances. Petitioner was arrested shortly after he arrived at the parking lot where he and Nelson had agreed to transfer the appliances. A truck containing the appliances was stopped a short distance from the parking lot, and Leroy Wesby, who was driving the truck, was also arrested. It was determined that the appliances had a value of approximately $20,000 and were part of a shipment that had been stolen.

Petitioner testified that the Memorex tapes, the televisions, and the appliances had all been provided by Leroy Wesby, who had represented that all of the merchandise was obtained legitimately. Petitioner stated that he had sold 6,500 Memorex tapes for Wesby on a commission basis. Petitioner maintained that all of the sales for Wesby had been on a commission basis and that he had no knowledge that any of the goods were stolen.

In closing, the prosecution explained that petitioner was not on trial for his dealings with the appliances or the televisions. The District Court instructed the jury that the similar acts evidence was to be used only to establish petitioner's knowledge, and not to prove his character. The jury convicted petitioner on the possession count only.

A divided panel of the United States Court of Appeals for the Sixth Circuit initially reversed the conviction, concluding that because the Government had failed to prove by clear and convincing evidence that the televisions were stolen, the District Court erred in admitting the testimony concerning the televisions. 802 F. 2d 874 (1986).[1] The panel subsequently granted rehearing to address the decision in *United States* v. *Ebens*, 800 F. 2d 1422 (CA6 1986), in which a different panel had held: "Courts may admit evidence of prior bad acts if the proof shows by a preponderance of the evidence that the defendant did in fact commit the act." *Id.*, at 1432. On rehearing, the court affirmed the conviction. "Applying the preponderance of the evidence standard adopted in *Ebens*, we cannot say that the district court abused its discretion in admitting evidence of the similar acts in question here." 811 F. 2d 974, 975 (1987) *(per curiam)*. The court noted that the evidence concerning the televisions was admitted for a proper purpose and that the probative value of this evidence was not outweighed by its potential prejudicial effect.

---

[1] "[T]he government's only support for the assertion that the televisions were stolen was [petitioner's] failure to produce a bill of sale at trial and the fact that the televisions were sold at a low price." 802 F. 2d, at 876, n. 5.

We granted certiorari, 484 U. S. 894 (1987), to resolve a conflict among the Courts of Appeals as to whether the trial court must make a preliminary finding before "similar act" and other Rule 404(b) evidence is submitted to the jury.[2] We conclude that such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act.

Federal Rule of Evidence 404(b)—which applies in both civil and criminal cases—generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct. The actor in the instant case was a criminal defendant, and the act in question was "similar" to the one with which he was charged. Our use of these terms

---

[2] The First, Fourth, Fifth, and Eleventh Circuits allow the admission of similar act evidence if the evidence is sufficient to allow the jury to find that the defendant committed the act. *United States* v. *Ingraham,* 832 F. 2d 229, 235 (CA1 1987); *United States* v. *Martin,* 773 F. 2d 579, 582 (CA4 1985); *United States* v. *Beechum,* 582 F. 2d 898, 914 (CA5 1978) (en banc), cert. denied, 440 U. S. 920 (1979); *United States* v. *Dothard,* 666 F. 2d 498, 502 (CA11 1982). Consistent with the Sixth Circuit, the Second Circuit prohibits the introduction of similar act evidence unless the trial court finds by a preponderance of the evidence that the defendant committed the act. *United States* v. *Leonard,* 524 F. 2d 1076, 1090–1091 (CA2 1975). The Seventh, Eighth, Ninth, and District of Columbia Circuits require the Government to prove to the court by clear and convincing evidence that the defendant committed the similar act. *United States* v. *Leight,* 818 F. 2d 1297, 1302 (CA7), cert. denied, 484 U. S. 958 (1987); *United States v. Weber,* 818 F. 2d 14 (CA8 1987); *United States* v. *Vaccaro,* 816 F. 2d 443, 452 (CA9), cert denied *sub nom. Alvis* v. *United States,* 484 U. S. 914 (1987); *United States* v. *Lavelle,* 243 U. S. App. D. C. 47, 57, 751 F. 2d 1266, 1276, cert. denied, 474 U. S. 817 (1985).

is not meant to suggest that our analysis is limited to such circumstances.

Before this Court, petitioner argues that the District Court erred in admitting Toney's testimony as to petitioner's sale of the televisions.[3] The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character. The Government's theory of relevance was that the televisions were stolen, and proof that petitioner had engaged in a series of sales of stolen merchandise from the same suspicious source would be strong evidence that he was aware that each of these items, including the Memorex tapes, was stolen.[4] As such, the sale of the televisions was a "similar act" only if the televisions were stolen. Petitioner acknowledges that this evidence was admitted for the proper purpose of showing his knowledge that the Memorex tapes were stolen. He asserts, however, that the evidence should not have been admitted because the Government failed to prove to the District Court that the televisions were in fact stolen.

Petitioner argues from the premise that evidence of similar acts has a grave potential for causing improper prejudice. For instance, the jury may choose to punish the defendant for the similar rather than the charged act, or the jury may infer that the defendant is an evil person inclined to violate the law. Because of this danger, petitioner maintains, the jury ought not to be exposed to similar act evidence until the trial court has heard the evidence and made a determination under Federal Rule of Evidence 104(a) that the defendant

---

[3] Petitioner does not dispute that Nelson's testimony concerning the Amana appliances was properly admitted under Rule 404(b).

[4] The Government also argues before this Court that the evidence concerning the televisions is relevant even if the jury could not conclude that the sets were stolen. We have found nothing in the record indicating that this theory was suggested to or relied upon by the courts below, and in light of our ruling, we need not address this alternative theory.

committed the similar act. Rule 104(a) provides that "[p]re-liminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)." According to petitioner, the trial court must make this preliminary finding by at least a preponderance of the evidence.[5]

We reject petitioner's position, for it is inconsistent with the structure of the Rules of Evidence and with the plain language of Rule 404(b). Article IV of the Rules of Evidence deals with the relevancy of evidence. Rules 401 and 402 establish the broad principle that relevant evidence—evidence that makes the existence of any fact at issue more or less probable—is admissible unless the Rules provide otherwise. Rule 403 allows the trial judge to exclude relevant evidence if, among other things, "its probative value is substantially outweighed by the danger of unfair prejudice." Rules 404 through 412 address specific types of evidence that have generated problems. Generally, these latter Rules do not flatly prohibit the introduction of such evidence but instead limit the purpose for which it may be introduced. Rule 404(b), for example, protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character. The text contains no intimation, however, that any preliminary showing is necessary before such evidence may be

---

[5] In his brief, petitioner argued that the Government was required to prove to the trial court the commission of the similar act by clear and convincing proof. At oral argument, his counsel conceded that such a position is untenable in light of our decision last Term in *Bourjaily* v. *United States*, 483 U. S. 171 (1987), in which we concluded that preliminary factual findings under Rule 104(a) are subject to the preponderance-of-the-evidence standard. Tr. of Oral Arg. 12. Petitioner now asserts that although the Sixth Circuit correctly held that the Government must prove the similar act by preponderant evidence before it is admitted, the court erred in applying that test to these facts. We consider first what preliminary finding, if any, the trial court must make before letting similar acts evidence go to the jury.

introduced for a proper purpose. If offered for such a proper purpose, the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.

Petitioner's reading of Rule 404(b) as mandating a preliminary finding by the trial court that the act in question occurred not only superimposes a level of judicial oversight that is nowhere apparent from the language of that provision, but it is simply inconsistent with the legislative history behind Rule 404(b). The Advisory Committee specifically declined to offer any "mechanical solution" to the admission of evidence under 404(b). Advisory Committee's Notes on Fed. Rule Evid. 404(b), 28 U. S. C. App., p. 691. Rather, the Committee indicated that the trial court should assess such evidence under the usual rules for admissibility: "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availibility of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." *Ibid.;* see also S. Rep. No. 93–1277, p. 25 (1974) ("[I]t is anticipated that with respect to permissible uses for such evidence, the trial judge may exclude it only on the basis of those considerations set forth in Rule 403, *i. e.* prejudice, confusion or waste of time").

Petitioner's suggestion that a preliminary finding is necessary to protect the defendant from the potential for unfair prejudice is also belied by the Reports of the House of Representatives and the Senate. The House made clear that the version of Rule 404(b) which became law was intended to "plac[e] greater emphasis on admissibility than did the final Court version." H. R. Rep. No. 93–650, p. 7 (1973). The Senate echoed this theme: "[T]he use of the discretionary word 'may' with respect to the admissibility of evidence of crimes, wrongs, or other acts is not intended to confer any arbitrary discretion on the trial judge." S. Rep. No. 93–1277, *supra,* at 24. Thus, Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence

as it was with ensuring that restrictions would not be placed on the admission of such evidence.

We conclude that a preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a).[6] This is not to say, however, that the Government may parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo. Evidence is admissible under Rule 404(b) only if it is relevant. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Advisory Committee's Notes on Fed. Rule Evid. 401, 28 U. S. C. App., p. 688. In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor. See *United States* v. *Beechum*, 582 F. 2d 898, 912–913 (CA5 1978) (en banc). In the instant case, the evidence that petitioner was selling the televisions was relevant under the Government's theory only if the jury could reasonably find that the televisions were stolen.

Such questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b). *Beechum*, *supra*, at 912–913; see also E. Imwinkelried, Uncharged Misconduct Evidence § 2.06 (1984). Rule 104(b) provides: .

---

[6] Petitioner also suggests that in performing the balancing prescribed by Federal Rule of Evidence 403, the trial court must find that the prejudicial potential of similar acts evidence substantially outweighs its probative value unless the court concludes by a preponderance of the evidence that the defendant committed the similar act. We reject this suggestion because Rule 403 admits of no such gloss and because such a holding would be erroneous for the same reasons that a preliminary finding under Rule 104(a) is inappropriate. We do, however, agree with the Government's concession at oral argument that the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing. Tr. of Oral Arg. 26.

"When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact—here, that the televisions were stolen—by a preponderance of the evidence. See 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054, p. 269 (1977). The trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial, and we see nothing in the Rules of Evidence that would change this practice. Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding.[7] If the proponent has failed to meet this minimal standard of proof, the trial court must instruct the jury to disregard the evidence.

We emphasize that in assessing the sufficiency of the evidence under Rule 104(b), the trial court must consider all

---

[7] "When an item of evidence is conditionally relevant, it is often not possible for the offeror to prove the fact upon which relevance is conditioned at the time the evidence is offered. In such cases it is customary to permit him to introduce the evidence and 'connect it up' later. Rule 104(b) continues this practice, specifically authorizing the judge to admit the evidence 'subject to' proof of the preliminary fact. It is, of course, not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; the objector must move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition." 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054, pp. 269–270 (1977) (footnotes omitted).

evidence presented to the jury. "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." *Bourjaily* v. *United States*, 483 U. S. 171, 179–180 (1987). In assessing whether the evidence was sufficient to support a finding that the televisions were stolen, the court here was required to consider not only the direct evidence on that point—the low price of the televisions, the large quantity offered for sale, and petitioner's inability to produce a bill of sale—but also the evidence concerning petitioner's involvement in the sales of other stolen merchandise obtained from Wesby, such as the Memorex tapes and the Amana appliances. Given this evidence, the jury reasonably could have concluded that the televisions were stolen, and the trial court therefore properly allowed the evidence to go to the jury.

We share petitioner's concern that unduly prejudicial evidence might be introduced under Rule 404(b). See *Michelson* v. *United States*, 335 U. S. 469, 475–476 (1948). We think, however, that the protection against such unfair prejudice emanates not from a requirement of a preliminary finding by the trial court, but rather from four other sources: first, from the requirement of Rule 404(b) that the evidence be offered for a proper purpose; second, from the relevancy requirement of Rule 402—as enforced through Rule 104(b); third, from the assessment the trial court must make under Rule 403 to determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice,[8] see Advisory Committee's Notes on Fed. Rule Evid. 404(b), 28 U. S. C. App., p. 691; S. Rep. No. 93–1277, at 25; and fourth, from Federal Rule of Evidence 105, which provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to

---

[8] As petitioner's counsel conceded at oral argument, petitioner did not seek review of the Rule 403 balancing performed by the courts below. Tr. of Oral Arg. 14. We therefore do not address that issue.

692

be considered only for the proper purpose for which it was admitted. See *United States* v. *Ingraham*, 832 F. 2d 229, 235 (CA1 1987).

*Affirmed.*