UNITED STATES of America, Appellee,

v.

**Terry Paul SCHLEICHER, Appellant.**

**No. 88–5154.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1988.

Decided Dec. 8, 1988.

Mark W. Peterson, Minneapolis, Minn., for appellant.

Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and McMILLIAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Terry Schleicher appeals his conviction of one count of aiding and abetting the distribution of one-half ounce of cocaine and one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982), and 18 U.S.C. § 2 (1982).

Between March 24 and June 2, 1987, Minneapolis police and agents of the Drug Enforcement Agency conducted drug transactions with Bruce Workcuff. Authorities knew David Hiben supplied Workcuff with cocaine, and that Workcuff distributed it. Authorities did not know who supplied Hiben.

On June 4, a surveillance of Workcuff revealed Hiben was in Schleicher's neighborhood when he distributed cocaine to Workcuff. On July 13, just before Hiben distributed cocaine to an undercover officer, officers saw Hiben park his vehicle behind Schleicher's house. Several other vehicles were parked behind Schleicher's house and all were registered to Schleicher. No one observed Hiben go into the house, but he was seen leaving the house, getting into his car and driving to meet an undercover agent to whom he distributed cocaine.

On September 24, Workcuff led police to a bar where Hiben was observed meeting with Schleicher. Schleicher was not drinking anything, and when Hiben arrived the two men stepped away from the bar and talked for about thirty seconds. Hiben and Schleicher then walked out the rear door together. A police officer observed the two getting into a car and driving out of the parking lot behind the bar. The officer lost sight of the car for less than a minute and drove around to the front of the bar. He then saw Hiben walking across the street to Workcuff's car where Hiben told Workcuff "I just picked it up," and instructed Workcuff to follow him to a third person's house where Hiben would cut the

cocaine. Hiben entered the house and then fifteen minutes later came out and delivered cocaine to Workcuff. Hiben was arrested and the house was searched. The search produced no money, no packaging and cutting material, and no other drugs, except a small amount on one person in the house.

On November 3, 1987, Schleicher was arrested at his residence. The officers searched his house with his consent and found several metric scales and weights, firearms and a paper on which telephone numbers were written, two of which were Hiben's.

Schleicher was tried by a jury in federal district court.[1] He was convicted on March 11, 1988, of both counts of aiding and abetting distribution of cocaine and conspiracy to distribute. Schleicher claims the trial court erroneously admitted co-conspirator testimony and evidence of other crimes (the June 4 and July 13 transactions) and without this evidence his conviction rests upon insufficient evidence and cannot stand. In the alternative, Schleicher requests a new trial. We now affirm.

Rule 801(d)(2)(E)

Schleicher alleges the trial court erred in admitting in evidence statements by Workcuff and Hiben about prior transactions involving Schleicher as declarations of co-conspirators. Fed.R.Evid. 801(d)(2)(E). Schleicher claims because the government failed to show by a preponderance of the evidence that a conspiracy existed involving Schleicher, Workcuff, and Hiben, statements made by Hiben or Workcuff are inadmissible.

■ Although the evidence of the conspiracy is mainly circumstantial the trial court may look to conduct of the alleged conspirators and attending circumstances to establish the existence of an illicit agreement. *United States v. Pintar*, 630 F.2d 1270, 1275 (8th Cir.1980). Considering the overall evidence, summarized here, there was clear evidence of the conspiracy and of Schleicher's participation in it. The fact that some of the conversations took place prior to Schleicher's criminal conduct of September 24 is immaterial. We find the trial court did not abuse its discretion in admitting the conversations under Rule 801(d)(2)(E).

Rule 404(b)

Schleicher also claims that even if the statements of other crimes were admissible under Rule 801(d)(2)(E), they were erroneously admitted under Rule 404(b). Fed.R. Evid. 404(b). He argues that because the other crimes were not established by clear and convincing evidence and the prejudicial effect outweighed any probative value this evidence should not have been admitted.

■ The Supreme Court recently rejected the requirement that the court must make a preliminary finding that the government has established the "other acts" by the preponderance of the evidence standard. *Huddleston v. United States*, — U.S. —, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988). The standard to be applied is *whether the jury could reasonably find* by a preponderance of the evidence that the acts occurred and that the defendant was the actor. *Id.*[2] Here the question is whether the jury could find Schleicher was involved in the June 4 and July 13 distributions of cocaine to Hiben,

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

2. The Supreme Court recognizes the trial court's broad discretion in *controlling the order of proof*. It commented:
   In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact—here, that the televisions were stolen—by a preponderance of the evidence. The trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial, and we see nothing in the Rules of Evidence that would change this practice. Often the trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If the proponent has failed to meet this minimal standard of proof, the trial court must instruct the jury to disregard the evidence.

and indirectly to Workcuff. We cannot say that the trial court abused its discretion in admitting the evidence under this standard. We also find the court did not abuse its discretion in determining that the probative value exceeded any prejudicial effect.

Finally, we reject Schleicher's claim that the conspiracy charge was improper because the single incident of distribution formed the basis for both counts and violated Wharton's rule. Wharton's rule applies where there is a general congruence of the agreement and the completed substantive offense. *See Iannelli v. United States*, 420 U.S. 770, 782, 95 S.Ct. 1284, 1292, 43 L.Ed.2d 616 (1975). We hold that Wharton's rule is inapplicable to this case. *See United States v. Cerone*, 830 F.2d 938, 944–46 (8th Cir.1987), *cert. denied sub nom., Aiuppa v. United States*, — U.S. ——, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988); *United States v. Jones*, 801 F.2d 304, 311 (8th Cir.1986).

Because this court finds the admission of evidence proper under both Rules 801(d)(2)(E) and 404(b), we find that there was sufficient evidence to support the defendant's conviction. Accordingly, the judgment of the district court is affirmed.

*Huddleston v. United States*, — U.S. ——, 108 S.Ct. 1496, 1501–02 (1988) (citation and footnote omitted).