872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence H. HARROLD, Jr., Defendant-Appellant.
 No. 87-6214.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1989.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Lawrence H. Harrold, Jr., appeals his conviction on five counts of bribery of a public official in violation of 18 U.S.C. Sec. 201. We affirm.
 
 
 2
 Defendant was part-owner and chief executive of Kleen-Way Maintenance, a janitorial service company. Kleen-Way had a contract with the federal government under which it performed janitorial services at the Naval Air Station in Memphis. Ronald Lavoy, Quality Assurance Evaluator (QAE) at the Naval Air Station, monitored Kleen-Way's performance by inspecting a sample of the areas Kleen-Way was responsible for cleaning. Lavoy was to report Kleen-Way's performance deficiencies, which could lead to a reduction in contract cost or, if severe, contract termination.
 
 
 3
 On four occasions from November 13, 1986 to January 12, 1987, defendant gave Lavoy $100 or $200, allegedly for the purpose of inducing Lavoy to violate his duties as QAE by not reporting contract performance deficiencies by Kleen-Way. During this period, Lavoy, working under the direction of the Naval Investigative Service (NIS), tape-recorded two of his meetings with defendant. On January 12, 1987, defendant was arrested as he made the last payment to Lavoy. The NIS videotaped defendant making this payment.
 
 
 4
 On January 20, 1987, a federal grand jury indicted defendant on six counts of bribery in violation of 18 U.S.C. Sec. 201. Defendant was tried before a jury in April 1987. The trial ended in a mistrial due to a hung jury.
 
 
 5
 Defendant was retried in July 1987. At trial, defendant testified that he had made the payments to Lavoy as alleged in the indictment; however, he claimed that the payments were not made with the intent to bribe Lavoy, but were instead part of a joint venture he and Lavoy had entered to purchase a stock car. The jury returned a verdict of guilty on five of the six counts. In October 1987, the district court sentenced defendant to six months' imprisonment and three years' probation. This appeal followed.
 
 I.
 
 6
 Defendant first argues that under Fed.R.Evid. 404(b) the district court erred in admitting evidence that defendant had previously bribed another government official. This evidence included testimony of Lavoy and a tape-recorded statement of defendant. The district court admitted the evidence under Rule 404(b) in a bench ruling:
 
 
 7
 It would seem to me that the evidence is obviously highly probative of intent, because apparently, Mr. Harrold's position about this case is that he never intended to offer or pay a bribe; that his only intent was to enter into some sort of joint stock car venture ... [w]ith Mr. Lavoy, so obviously, this admission about the other situation would go to his intent in this instance. It would be proper 404(B) evidence. When you do the balancing that is required by 403, it would appear to me that the probative value would outweigh the prejudicial impact, because this is not a situation in which the government is trying to introduce evidence, 404(B) evidence, that is completely unrelated factually to the subject matter in the trial. This is an admission of activity that the defendant made in the very conversations in which he is discussing the offenses that are charged in this case with Mr. Lavoy, and, so, for that reason I would think that its probative value greatly outweighs the prejudicial impact, and I would say it is admissible.
 
 
 8
 In determining whether bad acts evidence is admissible under Rule 404(b), a court must engage in a two-step analysis.
 
 
 9
 First, the court must decide whether the evidence would serve a permissible purpose such as one of those listed in the second sentence of Rule 404(b). If so, the court must consider whether the probative value of the evidence is outweighed by its potential prejudicial effect.
 
 
 10
 United States v. Huddleston, 811 F.2d 974, 976 (6th Cir.1987) (per curiam; citations omitted), aff'd 485 U.S. ----, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). In determining the admissibility of evidence under Rule 404(b), a trial judge is accorded "broad discretion." United States v. Ebens, 800 F.2d 1422, 1433 (6th Cir.1986).
 
 
 11
 Based on Sixth Circuit precedent, the district court was within its discretion in admitting the evidence of defendant's prior payment of a bribe as probative of defendant's intent. Proof of intent is a permissible purpose for admission of bad act evidence under Rule 404(b), and defendant's intent in making the payments to Lavoy was a material issue in dispute in this case. In United States v. Benton, 852 F.2d 1456 (6th Cir.), cert. denied, 109 S.Ct. 555 (1988), this court affirmed as "well within the district court's discretion" the admission in an extortion trial of evidence that the defendant had previously accepted bribes.
 
 
 12
 [W]here evidence of prior bad acts is admitted for the purpose of showing intent, the prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent.
 
 
 13
 852 F.2d at 1468. Evidence that defendant had paid a bribe to another government official supported an inference of criminal intent to bribe Lavoy. This evidence was prejudicial to defendant, but defendant makes no showing that the district court abused its discretion in finding that the evidence's probative value outweighed its prejudicial impact. We affirm the district court's admission of evidence that defendant had bribed another public official.[1]
 
 II.
 
 14
 Defendant also argues that the district court erred in denying his motion for acquittal.
 
 
 15
 In reviewing a denial of a motion for judgment of acquittal, we must view the evidence and inferences drawn therefrom in the light most favorable to the government. Witness credibility is solely within the province of the jury. To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilt. We must affirm a conviction if any rational trier of fact could have found defendant guilty beyond a reasonable doubt.
 
 
 16
 United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988) (citations omitted).
 
 
 17
 Based upon review of the record, we have no hesitancy in holding that a rational jury could have found defendant guilty beyond a reasonable doubt. Defendant admitted that he made the payments to Lavoy as alleged in the indictment. A rational jury could have disbelieved defendant's testimony that the payments were for a joint venture to buy a stock car and, based upon the contrary evidence, including the testimony of Lavoy, the tape-recorded statements of defendant, and the videotape of defendant making a payment to Lavoy, concluded beyond a reasonable doubt that defendant intended to bribe Lavoy in order to obtain favorable treatment for Kleen-Way's contract at the Naval Air Station. We affirm the district court's denial of defendant's motion for acquittal.
 
 
 18
 The district court judgment is AFFIRMED.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Defendant's argument that the bad act evidence should have been excluded under Rule 404(b) because "[t]he likelihood that Mr. Harrold had bribed Jack Holmes was not established" must be rejected under the Supreme Court's recent decision in Huddleston v. United States, 485 U.S. ---, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). In Huddleston, the Court made clear that the admissibility of bad act evidence is a question of relevance conditional on fact under Fed.R.Evid. 104(b), and such evidence is admissible "if the jury could reasonably find ... by a preponderance of the evidence" that the defendant had committed the prior act. 99 L.Ed.2d at 782-83. Based on the testimony of Lavoy and the tape-recorded statements of defendant that he was "buying" Holmes, a jury could reasonably find by preponderant evidence that Harrold had bribed Holmes