978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lee BROWN, Defendant-Appellant.
 No. 91-6295.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1992.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM.
 
 
 1
 James Lee Brown was convicted by a jury for attempting to possess with intent to distribute a kilogram of cocaine. Brown received a sentence of five years and three months, with a four-year term of supervised release. He challenges the district court's admission of evidence under FED.R.EVID. 404(b), relating to prior drug transactions in which Brown participated. For the following reasons, we affirm.
 
 
 2
 In March 1991, Detective Marsha Bales, an undercover agent, and George Mestre, a government informer and witness, met with James Brown over lunch at a restaurant in Lexington, Kentucky. The meeting took place after a series of phone calls from Mestre to Brown, during which Brown ultimately agreed to purchase a kilogram of cocaine from Mestre. The purpose of the meeting was to finalize the sale of the cocaine for $19,000.
 
 
 3
 During lunch, Brown showed Detective Bales four packages containing money for the purchase, and he related to her that he had packaged the money in this manner when he had previously purchased cocaine from Mestre. Brown also admitted to Bales that he had made seven or eight prior cocaine purchases through Mestre. Moreover, Brown stated that he trusted Mestre's statements about the quality of the cocaine. Finally, Brown indicated that, although he had been out of "the business" for a while, he hoped to reactivate his old contacts and make regular trips to Miami to purchase cocaine. Brown, Mestre, and Bales agreed to meet on March 11, 1991 to complete the purchase. Brown was arrested when he left the restaurant, and he was indicted on April 11, 1991 for knowingly attempting to possess with intent to distribute a kilogram of cocaine in violation of 21 U.S.C. § 846.
 
 
 4
 Prior to trial, Brown's attorney moved that the United States provide notice of all evidence that it intended to proffer under FED.R.EVID. 404(b) of other crimes, acts, or wrongs committed by Brown. The district court issued a pretrial order requiring disclosure of this evidence approximately one month before trial. The order, however, expressly stated that the United States could present other 404(b) evidence as it became justified during trial. In response to this order, the government stated that it did not intend to introduce any 404(b) evidence during its case-in-chief. Moreover, the government agreed to obtain permission from the court prior to introducing such evidence during impeachment or rebuttal.
 
 
 5
 At trial, the United States did not attempt to introduce evidence of prior dealings between Brown and Mestre during its direct examination of Mestre. On cross-examination, however, defense counsel briefly explored prior transactions between Mestre and Brown. Furthermore, Mestre frequently raised the issue of his previous transactions with Brown when responding to questions by the defense.
 
 
 6
 Before conducting its redirect examination of Mestre, the Assistant United States Attorney requested the court to allow exploration of the prior transactions mentioned during cross-examination. After finding that the defense had opened the door to this evidence during its cross-examination of Mestre, the district court, following Huddleston v. United States, 485 U.S. 681 (1988), analyzed the admissibility of the evidence under 404(b). Under Huddleston, 485 U.S. at 686-87, the court must determine (1) whether the evidence is probative of a material issue other than character, and (2) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Under this analysis, the district court ruled that Mestre could testify about his prior dealings with Brown to demonstrate motive, opportunity, identity, absence of mistake, knowledge, and intent. Mestre testified about several prior transactions with Brown and underwent extensive recross examination by Brown's attorney. The district court instructed the jury not to consider this evidence in deciding whether Brown committed the crime with which he was charged, but only as to whether there was motive, opportunity, identity, absence of mistake, knowledge, or intent.
 
 
 7
 We use an abuse of discretion standard when ruling on the admissibility of Rule 404(b) evidence. United States v. Holloway, 740 F.2d 1373, 1377 (6th Cir.), cert. denied, 469 U.S. 1021 (1984). Normally at trial there is a two-step analysis in determining the admissibility of evidence offered under Rule 404(b). United States v. Feinman, 930 F.2d 495 (6th Cir.1991). First, the trial court must "ascertain whether the proffered evidence is relevant and admissible for a proper purpose." Id. at 499. To be relevant, "the evidence must relate to a matter which is 'in issue,' and must deal with conduct substantially similar and reasonably near in time to the offense[ ] for which the defendant is being tried." Id. To be admissible for a proper purpose, the court must decide that the evidence is probative of an issue other than character. Id. Second, the district court must determine whether the danger of unfair prejudice substantially outweighs the probative value of the evidence. Id. Although evidence of prior bad acts is almost always prejudicial to the defendant, the issue under this step is whether the evidence is unfairly prejudicial and whether that prejudice outweighs the probative value of the evidence. United States v. Vance, 871 F.2d 572, 576-77 (6th Cir.), cert. denied, 493 U.S. 933 (1989). Finally, the district court "must issue a limiting instruction cautioning the jury not to consider such evidence for improper purposes." United States v. French, Nos. 90-6222/6407/6408/6477, slip op. at 11 (6th Cir. August 20, 1992).
 
 
 8
 We find that the district court in this case did not abuse its discretion in allowing the United States to present evidence of past transactions between George Mestre and James Brown. Before admitting the evidence, the court conducted the required two-step analysis. It determined that the evidence was substantially similar to the offenses alleged and that it served a purpose other than proving the defendant's character. Specifically, the court determined that the evidence would serve the proper purpose of showing motive, opportunity, intent, knowledge, and absence of mistake. Moreover, the court found that the probative value of the evidence, in light of the entrapment argument offered by the defense, outweighed any prejudice to Brown. Finally, in its instructions to the jury, the court admonished that the jury could not consider this evidence as proof that Brown had committed the act for which he was on trial.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation