**UNITED STATES of America,**

v.

**Steven LANE, Appellant.**

No. 07–3819.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 2, 2009.

Filed Aug. 14, 2009.

Thomas R. Perricone, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

John J. Griffin, Esq., Philadelphia, PA, for Appellant.

Before: McKEE, HARDIMAN, and GREENBERG, Circuit Judges.

OPINION OF THE COURT

McKee, Circuit Judge.

Steven Lane appeals his conviction for conspiracy to interfere with interstate commerce by robbery under 18 U.S.C. § 1951(a). For the reasons that follow, we will affirm.

## I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. Lane argues that the district court erred in permitting a government witness to testify about Lane's involvement in a prior robbery for which he had been neither charged nor convicted. He contends that this testimony was irrelevant and that its probative value was outweighed by its prejudicial effect, and that he is therefore entitled to a new trial under Fed.R.Evid. 404(b). We disagree.

We review the district court's decision to admit evidence for abuse of discretion. *United States v. Butch,* 256 F.3d 171, 175 (3d Cir.2001). Rule 404(b) states that while "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith," such evidence may be used for other purposes. Indeed, such evidence shall be admitted "if relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime." *United States v. Long,* 574 F.2d 761, 766 (3d Cir. 1978), *cert. denied,* 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978).

In order to be admissible under Rule 404(b), evidence must meet four requirements: (1) it must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by any unfair prejudicial im-

pact; and (4) the court must properly instruct the jury about the proper use and relevance of the evidence. *See Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). *See also United States v. Givan,* 320 F.3d 452, 460 (3d Cir.2003).

During argument on the motion to introduce this evidence the government explained that the testimony about the prior robbery was necessary to establish the ongoing relationship of Lane with his co-defendant, the government's witness. The testimony explained why Lane and the co-defendant trusted each other and were able to accomplish the robbery in question without significant planning. The evidence was therefore relevant to establishing preparation and plan which are appropriate uses of evidence of a defendant's prior "bad acts" under Rule 404(b). Moreover, this testimony was the only way the government could establish the relationship between Lane and the co-defendant, and that was certainly relevant to the government's case. Accordingly, the district court correctly found that a "genuine need" for the evidence outweighed any prejudicial effect. (App.61–62).

We have held in numerous cases that evidence of prior criminal activity is admissible under Rule 404(b) to show the relationship between a witness and a defendant. *See, e.g., United States v. Butch,* 256 F.3d 171 (3d Cir.2001) (allowing witness in pharmaceutical theft case to testify as to defendant's prior participation in identical theft); *see also United States v. Simmons,* 679 F.2d 1042, 1050 (3d Cir. 1982), *cert. denied,* 462 U.S. 1134, 103 S.Ct. 3117, 77 L.Ed.2d 1370 (1983) (holding that evidence may be introduced "to provide necessary background information, to show an ongoing relationship between [the defendant and a co-conspirator], and to

help the jury understand the co-conspirator's role in the scheme").

In addition, the district court gave an appropriate limiting instruction to the jury that minimized the likelihood that the evidence would be considered for an improper purpose. *See United States v. Sriyuth,* 98 F.3d 739, 748 (3d Cir.1996). Our review is for plain error because Lane did not object to this testimony at trial. *United States v. Antico,* 275 F.3d 245, 265 (3d Cir.2001), *cert. denied,* 537 U.S. 821, 123 S.Ct. 100, 154 L.Ed.2d 30 (2002). Given the district court's limiting instruction, and the relevance of the evidence under Rule 404(b), we find no error at all in admitting this evidence, let alone any "plain error." The instruction was given both at the time of the testimony, and again before the jury deliberated. There is nothing in the record to suggest that the jury did not understand the instructions or were incapable of following them.

Although Lane cites several cases to support his argument that the instructions were insufficient to overcome the prejudicial effect of the testimony, all of the cases he cites involve situations where there was either no proper purpose for the evidence, or the court simply failed to give any limiting instruction at all. Here, "we believe this is a case where the jury could be expected to compartmentalize the evidence and consider it for its proper purposes." *Sriyuth,* 98 F.3d at 748.

## II.

For all of the above reasons, we will affirm the judgment of conviction.