**<u>NOT PRECEDENTIAL</u>**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1865
_____

UNITED STATES OF AMERICA

v.

KEITH SINGLETON,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
District Court No. 1-09-cr-00119-001
District Judge: The Honorable Sue L. Robinson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 12, 2012

Before: SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed:January 20, 2012)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Keith Singleton appeals from the District Court's granting of the

government's motion *in limine*, which permitted the government to introduce evidence of a scheme to defraud separate from the scheme at issue in the trial, and the District Court's purported failure to give a contemporaneous limiting instruction. Singleton also appeals the government's introduction at trial of false statements he made during a civil deposition. We will affirm.

I.

On December 10, 2009, Singleton was indicted and charged with: one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; sixteen counts of wire fraud, in violation of 18 U.S.C. § 1343; and two counts of money laundering, in violation of 18 U.S.C. § 1957. These charges related to allegations that from December 2006 through 2008, Singleton and Eugene Watson, Singleton's co-conspirator — along with Carin Seals, an employee of the financial institution Citigroup — defrauded Citigroup out of millions of dollars. The fraud was alleged to have occurred when Seals sent or attempted to send numerous fraudulent wire transfers from internal Citigroup accounts to financial accounts controlled by Singleton, Watson, and their confederates (the "Citigroup Scheme").

The government filed a pre-trial motion *in limine* to admit certain evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). In particular, the government sought to admit the testimony of Robert Morgan, one of the government's expected trial witnesses. Morgan's proffered testimony was that

2

he assisted Singleton in perpetrating portions of the Citigroup Scheme. Further, Morgan was expected to testify that in February 2009, approximately two years after his involvement in the Citigroup Scheme, Singleton told Morgan that he was involved with an individual known as "Big Homey," who had arranged for a large sum of money to be unlawfully wire transferred to a particular bank account (the "Big Homey Scheme"). Morgan believed that Singleton was asking for his help in obtaining the proceeds of this unlawful wire transfer. The government asserted that the Big Homey evidence should be permitted under Rule 404(b) because it demonstrates, *inter alia*, that Singleton knowingly received stolen funds as part of the Citigroup Scheme and that his actions were not an accident or a mistake. The government argued that this evidence was not being introduced to demonstrate that Singleton had a propensity to commit fraud crimes. The District Court granted the government's motion *in limine*, permitting the government to introduce the Big Homey evidence.

At trial, the government's theory was that, from December 2006 through March 2007, Seals sent unlawful wire transfers totaling more than $2,700,000 from Citigroup to Singleton and Watson in exchange for kickbacks from Singleton. During the government's case-in-chief, Morgan testified about the Big Homey Scheme. The District Court did not give — and Singleton did not request — a contemporaneous limiting instruction regarding Morgan's testimony of the Big

3

Homey Scheme. The government put forward six other witnesses and more than 100 exhibits in its case-in-chief.

Singleton's theory at trial was that Seals led Singleton to believe that he was receiving a legitimate loan from Citigroup. Singleton testified during his case-in-chief that in December 2006, Seals, whom he did not know at the time, visited the pizza restaurant that he owned, presented herself as a loan officer from Citigroup, and stated that she could provide him with a commercial loan. Singleton further testified that Seals never told him that the money she wired into his accounts was stolen.

On cross examination, Singleton was asked about his answers during his 2008 civil deposition, which involved the same events at issue in the Citigroup Scheme.[1] Singleton admitted that, in the deposition, he denied knowing that someone from Citigroup sent wire transfers to his bank accounts even though he did, in fact, know they had come from Citigroup. Singleton's explanation was that he "lied" because he was "nervous." Singleton also acknowledged at trial that, during his deposition, he had falsely denied knowing Seals or anyone else that worked at Citigroup. The District Court did not give a limiting instruction contemporaneously with the introduction of his false deposition testimony, and Singleton did not request any such instruction.

4

The District Court, during its final instructions to the jury, charged that the evidence related to the Big Homey Scheme was admitted only for certain limited purposes, including to prove that Singleton acted with the requisite state of mind, knowledge, or intent necessary to commit the crimes charged or that his actions were not an accident or mistake. The District Court further instructed the jury not to consider the testimony regarding the Big Homey Scheme as evidence proving that Singleton is a bad person or predisposed to do bad things.

The jury found Singleton guilty on all counts. Singleton timely appealed.[2]

## II.

## A.

Singleton argues that the District Court erred in permitting the government to introduce evidence of the Big Homey Scheme pursuant to Rule 404(b). "We review the District Court's decision to admit evidence under Rule 404(b) for an abuse of discretion, which may be reversed only when clearly contrary to reason and not justified by the evidence." *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001) (citations and quotation marks omitted).

Rule 404(b) permits the introduction of evidence of other bad acts unless

---

[1] The government, in its case-in-chief, also introduced portions of Singleton's civil deposition testimony as admissions by a party opponent.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

5

such evidence is offered solely to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); *United States v. Green*, 617 F.3d 233, 244 (3d Cir. 2010). The "threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character," *Huddleston v. United States*, 485 U.S. 681, 686 (1988), such as intent, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b); *Green*, 617 F.3d at 244. We apply a four-factor standard when determining the admissibility of evidence pursuant to Rule 404(b): (1) a proper evidentiary purpose; (2) relevance under Rule 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under Rule 403; and (4) a limiting instruction. *Butch*, 256 F.3d at 175-76 (citing *United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999)).

Here, the District Court did not abuse its discretion in permitting introduction of the Big Homey evidence. First, the government had a proper purpose for introducing this evidence, which included demonstrating Singleton's intent to defraud, his knowledge that funds were being laundered through third-party bank accounts, and the absence of mistake on his part when he arranged to receive the charged funds from Seals and route them through Morgan's bank account. Second, the Big Homey evidence had a tendency to prove that Singleton knowingly participated in the fraud conspiracy for which he was charged, and thus,

6

it was relevant under Rule 402. *See* Fed. R. Evid. 401 & 402. Third, the introduction of the Big Homey evidence did not unfairly prejudice Singleton by distracting, swaying, diverting, or inflaming the jury. *See, e.g.*, Fed. R. Evid. 403; *United States v. Guerrero*, 803 F.2d 783, 785-87 (3d Cir. 1986). Further, this evidence was highly probative of Singleton's intent to defraud and belies his asserted belief that the money was part of a legitimate loan. Finally, the District Court issued a limiting instruction at the close of the case.[3] Accordingly, the District Court did not abuse its discretion in permitting the government to introduce the Big Homey evidence pursuant to Rule 404(b).

## B.

Singleton asserts that the District Court erred by not issuing a contemporaneous limiting instruction upon introduction of the Big Homey evidence. Because Singleton did not object at trial, we review the District Court's failure to give a contemporaneous limiting instruction for plain error. *See, e.g.*, *United States v. Moore*, 375 F.3d 259, 262 (3d Cir. 2004). To establish plain error, a defendant must demonstrate: (1) an error; (2) that is plain; and (3) that affects

---

[3] The District Court issued a summary order granting the government's motion *in limine* and did not expressly analyze the four factors that courts must consider when determining the admissibility of evidence pursuant to Rule 404(b). We are satisfied that the District Court properly considered these factors because they were set forth in the government's brief in support of the motion *in limine*. However, the better practice is for courts to expressly consider these factors when making such determinations.

substantial rights. *Johnson v. United States*, 520 U.S. 461, 467 (1997); *see also United States v. Moore*, 375 F.3d 259, 262 (3d Cir. 2004).

The District Court did not plainly err by giving its limiting instruction regarding the Big Homey evidence at the close of evidence. Although it is preferable that courts give limiting instructions both at the time of the evidence's introduction and at the close of evidence, there is no rigid rule regarding the timing of such instructions. *See, e.g.*, *United States v. Misle Bus & Equip. Co.*, 967 F.2d 1227, 1233-34 (8th Cir. 1992) (finding no abuse of discretion where the limiting instruction for Rule 404(b) evidence was given only at the close of evidence); *cf. United States v. Hakim*, 344 F.3d 324, 325-26 (3d Cir. 2003) (finding no error where the court gave a curative instruction thirty minutes after the testimony at issue was improperly admitted). Accordingly, the District Court did not plainly err by giving the limiting instruction at the close of evidence.

C.

Singleton argues that the District Court erred by not issuing a limiting instruction to the jury regarding his false deposition testimony. Singleton asserts that such a limiting instruction should have been given because the false statements amounted to Rule 404(b) evidence of perjury or were offered for the limited

purpose of impeaching his credibility under Federal Rule of Evidence 608(b).[4] Because Singleton did not object at trial, we review the District Court's failure to make such a limiting instruction for plain error.

The District Court did not plainly err by failing to give a limiting instruction. The false deposition statements — which were made by Singleton while attempting to conceal his participation in the ongoing Citigroup Scheme — were intrinsic to the charged conspiracy, and thus, did not constitute Rule 404(b) evidence. *See, e.g.*, *Green*, 617 F.3d at 248 (stating that evidence is "intrinsic" to the charged crime and not subject to Rule 404(b) where the evidence directly proves the charged offense or the uncharged act facilitates the commission of the charged crime). Moreover, the government's use of Singleton's false statements on cross-examination was not limited solely to impeaching his credibility under Rule 608(b), and thus, no limiting instruction was necessary. *See, e.g.*, *United States v. Console*, 13 F.3d 641, 661-62 (3d Cir. 1993) (stating that evidence barred by Rule 608(b) solely for impeachment can be admitted if it is otherwise relevant to a material issue). Thus, the District Court's failure to issue a limiting instruction was not plain error.

Accordingly, we will affirm.

---

[4] Rule 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence." Fed. R. Evid. 608(b).