BONIN, J.,
concurs with reasons.
|TI concur. The testimony of the girls and women to which the defendant objects clearly falls within the scope of “evidence of the accused’s commission of another crime, wrong, or act involving sexually as-saultive behavior, or acts which indicate a lustful disposition toward children ...” La. C.E. art. 412.2. In the trial court, the defendant sought to exclude the evidence on the ground Ínter alia that the prosecution could not establish by a preponderance of the evidence that he had committed the acts. He now “ups the ante” by arguing that the proper test is proof by clear and convincing evidence. In its ruling, the majority relies upon the statement in State v. Scoggins that “it is not unreasonable to conclude that the State’s burden of proof for introducing other crimes evidence at trial is by a preponderance of the evidence.” 10-2609, p. 11 (La.App. 4 Cir. 6/17/11), 70 So.3d 145, 153.[1]
In my view, the proper gatekeeper question for the trial judge is not whether he finds by a preponderance of the evidence that the defendant committed the other acts but rather whether a jury could reasonably find by a preponderance of the evidence that the defendant committed the other acts. See Huddleston v. United States, 485 U.S. 681, 690, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); La. C.E. art. 1104. And, of course, in making |2that pretrial determination, the trial judge keeps in mind that a witness’ testimony alone, if believed, can be sufficient to sustain the burden of proof beyond a reasonable doubt on the charged. See, e.g., State v. Marshall, 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369. Thus, to me, it is clear that the trial judge correctly determined that the evidence was relevant and admissible. Because it was not unduly prejudicial, I agree with the majority that the trial judge did not abuse his discretion in admitting the other acts evidence.

. I was a member of the Scoggins panel but did not join the majority opinion.