CARMEN CONSUELO CEREZO, United States District Judge
The United States filed on September 21, 2018 a Notice of Intent to Use F.R.E. 404(b) Evidence (d.e. 32 ). Defendant Moises Negron Soto is indicted in this case in a single count for possessing with intent to distribute cocaine on or about October 20, 2016. The similar act evidence is described at page 3 of the Notice as follows:
On February 22, 2016, Officers from the Police of Puerto Rico contacted agents from the Homeland Security Investigations, Fajardo RAC Office indicating that a bag containing narcotics was found. According to personnel from the Culebra vehicle cargo ferry, a suspicious bag was found onboard the ferry near the lifesaving equipment. According to the personnel, only one vehicle was being transported on that day. The vehicle being transported was described as a light colored Jeep Wrangler bearing license plate number HVB257. Ferry personnel interviewed the owner of the Jeep Wrangler who was identified as Moises NEGRON-Soto and who indicated that he was indeed the register owner. The Police of Puerto Rico K-9 Unit responded to the scene. The K-9 unit alerted to the presence of narcotics in the vehicle and in the bag. The bag was later found to contain approximately 30 kilograms of cocaine.
Later on, agents interviewed NEGRON-Soto, and he told them that he was not in the ferry on February 22, 2016 and that he had loaned his Jeep Wrangler to an individual whose name he (NEGRON-Soto) did not know.
We are guided by the Supreme Court determination in Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), which resolved a conflict among Courts of Appeals as to whether the trial court must make a preliminary finding before similar acts and other Fed. R. Evid. 404(b) evidence is submitted to the jury. The Court adopted the position followed in the First, Fourth, Fifth and Eleventh Circuits, citing United States v. Ingraham, 832 F.2d 229 (1st Cir. 1987). It rejected the petitioner's reading of Rule 404(b) as mandating a preliminary finding by the trial court that the similar act in question occurred. Instead, the Court concluded "that such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston, 485 U.S. at 685, 108 S.Ct. 1496. It also concluded that "[e]vidence is admissible under Rule 404(b) only if it is relevant" and that "[i]n the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Id., at p. 689, 108 S.Ct. 1496.
Having considered the similar act described at page 3 of the Notice and quoted above, the Court understands that there is insufficient evidence to support a finding by the jury that the defendant committed the similar act. The narrative as to the occurrence of the similar act is sufficient; however, the proffer itself raises a substantial question as to the identification of the person who transported the 30 kilograms of cocaine on the Culebra cargo ferry on February 22, 2016.
For the reasons stated, the Court determines that the Rule 404(b) evidence proffered is insufficient for the jury to conclude that defendant was the individual who committed the act offered as 404(b) evidence and will not allow the introduction of said evidence at trial.
The United States informs at page 4 of its Notice that should the Court rule *75 the extrinsic evidence to be inadmissible, it reserves the right to introduce said evidence for impeachment purposes pursuant to Fed. R. Evid. 608(b). Rule 608(b) provides:
(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
(1) the witness; or
(2) another witness whose character the witness being cross-examined has testified about.
The government's argument is flawed. The extrinsic evidence regarding the February 22, 2016 ferry incident cannot be categorized as a specific instance of defendant's conduct were he to testify. The extrinsic evidence proffered as a specific instance of defendant's conduct is not probative of his character for truthfulness or untruthfulness for the simple reason that the United States has not established that defendant was the actor involved in the February 22, 2016 ferry event. In addition to this fact, the alleged prior criminal behavior, drug trafficking, is not relevant to defendant's character for truthfulness. See 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, section 608.22[2][a] (2d ed. 2011).
Accordingly, the Court NOTES the United States' Notice of Intent to Use F.R.E. 404(b) Evidence (d.e. 32 ) but disallows the 404(b) similar act evidence proffered. Additionally, should defendant take the stand and testify, it will not permit the use of said evidence for impeachment purposes pursuant to Fed. R. Evid. 608(b).
SO ORDERED.