**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1748

_____

UNITED STATES OF AMERICA

v.

GUIBBONZ MARCELLUS,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:20-cr-00199-001)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2025

_____

Before:  PHIPPS, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Filed: January 24, 2025)

_____

OPINION[1]

_____

---

[1]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHUNG, <u>Circuit Judge</u>.

During Appellant's trial, he objected to the admission of certain evidence. He argues that the District Court applied the wrong standard under Federal Rule of Evidence 403 when it overruled his objection, and, in any event, failed to adequately explain its Rule 403 analysis. Because we disagree, we will affirm.

## I.  BACKGROUND[2]

Guibbonz Marcellus ran a tax return preparation business. To increase his clients' refund amounts, he regularly included false numbers on the returns he prepared. This led to him being charged with 23 counts of aiding or assisting the preparation of a false or fraudulent tax return, in violation of 26 U.S.C. § 7206(2). At trial, Marcellus argued that he did not know the information was false and merely relied on information provided by his customers. To rebut this defense, the Government sought to introduce Marcellus's own fraudulent tax returns from 2013, 2014, and 2015 to show knowledge and absence of mistake. Marcellus objected under Federal Rule of Evidence 404(b). The District Court overruled the objection and admitted the evidence. After trial, Marcellus was convicted on all counts and timely appealed.

## II.  DISCUSSION[3]

---

[2]  Because we write for the parties, we recite only facts pertinent to our decision.

[3]  The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "We review decisions to admit evidence for abuse of discretion, and such discretion is construed especially broadly in the context of Rule 403. However, to the extent the District Court's admission of evidence was based on an interpretation of the Federal Rules of Evidence, the standard of review is plenary." <u>United States v. Scarfo</u>, 41 F.4th 136, 178 n.35 (3d Cir. 2022) (internal quotation marks and citation omitted).

As part of its Rule 404(b) analysis, the District Court must weigh the probative value of proffered evidence against any danger of unfair prejudice it may pose. Fed. R. Evid. 403; United States v. Caldwell, 760 F.3d 267, 277 (3d Cir. 2014). The only issue on appeal is whether the District Court abused its discretion when it conducted this weighing.

After analyzing the prejudice and probative value, the District Court concluded, "I don't think the prejudice substantially outweighs the relevance. So I will overrule the objection." App. 33. Marcellus argues that the District Court applied the wrong standard because the relevant question is if the prejudice *outweighs* the relevance, not if the prejudice *substantially outweighs* the relevance. We disagree. The text of Rule 403 plainly states that evidence may be excluded when "its probative value is *substantially* outweighed by a danger of … unfair prejudice …." Fed. R. Evid. 403 (emphasis added); see also Huddleston v. United States, 485 U.S. 681, 687 (1988) ("Rule 403 allows the trial judge to exclude relevant evidence if, among other things, its probative value is substantially outweighed by the danger of unfair prejudice." (internal quotation marks omitted)). While we have at times stated that Rule 403 requires courts to consider whether the "probative value of the evidence outweighs its prejudicial effect," United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992); see Caldwell, 760 F.3d at 277, we made clear that such references were mere shorthand for the standard set forth in Rule 403 itself, see Caldwell, 760 F.3d at 277 ("[T]he court must evaluate *pursuant to Rule 403* whether the evidence is sufficiently probative …." (emphasis added)); Sampson, 980

3

F.2d at 886 ("[I]ts probative value must outweigh its prejudicial effect *under Rule 403* …." (emphasis added)).

Marcellus also argues that, even if it applied the correct standard, the District Court procedurally erred by failing to adequately articulate its Rule 403 analysis. Marcellus Br. 9–10; see also United States v. Finley, 726 F.3d 483, 491 (3d Cir. 2013). This argument fails. The District Court explained that the tax returns were probative of Marcellus's knowledge and lack of mistake, analyzed and rejected Marcellus's arguments to the contrary, acknowledged the possibility of undue prejudice, and ultimately concluded that the probative value of the evidence was not substantially outweighed by any undue prejudice. This was an adequate explanation and "sufficient to satisfy the procedural requirements of Rule 403." Id.[4]

III.     CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4]     The Government also argues that if there was any error, it was harmless. Because we hold that no error was committed, we need not reach this issue.