16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael P. MAYS, Defendant-Appellant.
 No. 92-4343.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this appeal, defendant, Michael P. Mays, contends that his conviction for distributing crack cocaine should be reversed because the jury was permitted to hear testimony concerning other criminal acts that he committed and because it was permitted access to unauthenticated transcripts of audio tapes. He also argues for the first time that he received ineffective assistance of counsel at his trial. Although we conclude that admission of the transcripts was error, we nevertheless affirm defendant's conviction.
 
 
 2
 On December 9, 1990, a confidential informant, Dean Bickerstaff, made two controlled purchases of crack cocaine from defendant. Bickerstaff was wearing a recording device on both occasions, and testified about the purchases at trial, identifying defendant as the seller. Robin Parrish, owner of the residence where the purchases took place, identified defendant as a person who had stayed in her house in December 1990 and sold crack from it.
 
 
 3
 Raymond Terry, a volunteer who works with the Federal Drug Task Force, testified at trial that he was familiar with defendant and his voice, and that the tape recordings made during the drug transactions included defendant's voice. He also said he had suspected defendant of drug dealings. Defense counsel attempted to impeach Terry by showing that his suspicions about defendant's involvement with drugs were based upon a personal animus. The district court allowed the government, on redirect examination of Terry, to focus on the fact that he had seen defendant enter other crack houses so that Terry could demonstrate why he suspected that defendant was a drug dealer.
 
 
 4
 The district court also allowed the jury to read transcripts of the two tape recordings made by Bickerstaff. Although Bickerstaff testified that the transcripts were accurate, the person who transcribed the conversations from the tapes was not called, and the judge did not independently verify the accuracy of the transcription. Bickerstaff had reviewed the original versions of the transcripts and directed some revisions. Defense counsel objected to the use of the transcripts because he believed they contained inaccuracies and that inaudible portions had been transcribed. The district court allowed the transcripts to be used, although it cautioned the jury to resolve any discrepancy between the tapes and the transcripts in favor of the former.
 
 
 5
 Defendant first argues that the admission of Terry's testimony violated Federal Rule of Evidence 404(b).[1] Before trial, the government had agreed to omit all references to other arrests or "legal type situations" of defendant unless defense counsel opened the door to those issues.
 
 
 6
 The district court concluded, and we agree, that defense counsel's cross-examination of Terry, which questioned the foundation of his suspicions concerning defendant, opened the door to descriptions of other incidents that tended to bolster Terry's suspicions that defendant was involved in the drug trade. See United States v. Tinker, 985 F.2d 241, 243 (6th Cir.1992) (finding that government is not bound by a pretrial agreement not to mention certain acts where the defense makes such acts relevant), cert. denied, 113 S.Ct. 1872 (1993). The government questioned Terry only as much as was necessary to counter the impression fostered by defense counsel that Terry's testimony was suspect. Accordingly, the pretrial agreement was not violated, and the district court did not err by allowing the government's redirect examination of Terry.
 
 
 7
 Defendant next contends that the district court erred when it permitted the jury to use transcripts of the tape recordings made during the drug transactions. Admission of tape recordings as evidence at trial is a matter committed to the sound discretion of the trial judge, as is the use by the jury of transcripts to aid the understanding of a tape-recorded conversation. The preferred practice is for both parties to stipulate to the accuracy of the transcripts. If there is no stipulation, the accuracy of the transcripts should be verified by the transcriber who has listened to and accurately transcribed the tapes. The trial court should also make an independent determination of the transcript's accuracy by reading it against the tape and, where the tape is inaudible, by deleting unreliable passages. United States v. Robinson, 707 F.2d 872, 878-79 (6th Cir.1983).
 
 
 8
 Defense counsel asked the district court to listen to the tape recordings to verify the accuracy of the transcripts. That was not done. Neither did the transcriber verify their accuracy. Although several government witnesses, including Bickerstaff, did testify that the transcripts were accurate, this attempt at verification was inadequate. The government used the transcripts to bolster the value of the tape recordings as evidence, and that evidence was in turn used to corroborate Bickerstaff's testimony. Accordingly, the danger of allowing Bickerstaff to verify the accuracy of the transcripts was that he could be said to have a motive to corroborate himself by supplying words for the inaudible portions of the tape that were consistent with his testimony. Reliable, independent evidence was needed to authenticate the transcripts and we therefore conclude that the district court abused its discretion in permitting their use.
 
 
 9
 Nevertheless, the district court's error was harmless because there is overwhelming evidence supporting defendant's guilt. See Chapman v. California, 386 U.S. 18, 22 (1967); United States v. Huddleston, 811 F.2d 974, 978 (6th Cir.1987), aff'd, 485 U.S. 681 (1988). This evidence includes Bickerstaff's statements as well as Parrish's testimony that defendant was dealing drugs out of her house on the day in question. Accordingly, defendant's cause was not prejudiced by use of the transcripts.
 
 
 10
 Defendant's last claim is that his counsel provided him with ineffective assistance. As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal because there has been no opportunity to include in the record evidence bearing on the merits of the allegations. A claim of ineffective assistance of counsel is best made in the context of postconviction proceedings which afford the parties an opportunity to develop an evidentiary record that fully explores the issue. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Because defendant failed to raise this claim below, we decline to review the issue at this time.
 
 
 11
 The judgment of conviction is affirmed.
 
 
 
 [1]
 Rule 404(b) provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, [or] intent...."