18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Marshall HAMILTON, Appellant.
 No. 93-3006.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 15, 1994.
 
 Before WALD, EDWARDS, and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Hamilton objects to the admission of testimony by a police officer that he had visited Hamilton's residence on two occasions prior to his arrest. He asserts that this evidence was introduced in an attempt to characterize him as a criminal in violation of Federal Rule of Evidence 404. We find, however, that the officer's testimony was introduced to show Hamilton's exclusive control over the room, and is not "other act" character evidence prohibited by Federal Rule of Evidence 404(b). See Fed.R.Evid. 404(b) advisory committee's note ("[E]vidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it. However, the evidence may be offered for another purpose, such as proof of motive, opportunity, and so on, which does not fall within the prohibition."); Huddleston v. United States, 485 U.S. 681, 687-88 (1988) (Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character"; but if evidence is offered for some other, proper purpose, "the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.").
 
 
 3
 Thus the proper frame of analysis is the general balancing of prejudice and probative value set forth in Federal Rule of Evidence 403. Here, the police officer's testimony was probative of a vital part of the prosecution's case--Hamilton's exclusive control over the room. Balancing that interest against the risk of unfair prejudice, we feel that the district court properly concluded that the risk of unfair prejudice did not substantially outweigh the probative value of the testimony. United States v. Miller, 895 F.2d 1431, 1437 (D.C.Cir.1990) (district court's ruling on admissibility under Fed.R.Evid. 403 will be reversed only for grave abuse of discretion). On consideration of the foregoing, it is
 
 
 4
 ORDERED AND ADJUDGED by the court that Hamilton's conviction be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).