**UNITED STATES COURT OF APPEALS**
**Filed 4/10/96**
**TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | )     No. 95-1319 |
| | )    (D.C. No. 95-CR-85-Z) |
| DEVANEY CLARK MILLS, | )     (D. Colorado) |
| | ) |
| Defendant-Appellant. | ) |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BALDOCK, McWILLIAMS** and **BRORBY**, Circuit Judges.

_____

Devaney Mills was convicted by a jury of one count of assault in Indian Country involving serious bodily injury. He appeals the district court's denial of two of his motions *in limine* which sought to have certain evidence excluded at trial. He requests this court to set aside the jury verdict and enter a judgment of acquittal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The prosecution proved that Mr. Mills' almost three-year old stepdaughter suffered severe injuries while in Mr. Mills' care. The injuries included extensive bruising, a skull fracture, and other massive head injuries. As a result, the young girl suffered multiple seizures, partial brain death and was in a coma for six days. The young girl was left with long-term disabilities on the left side of her

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. 36.3.

body, including loss of motor control and eye problems. Mr. Mills did not dispute the injuries, instead he claimed they were caused by an accidental fall. The prosecution called four doctors to the stand who testified that Mr. Mills' explanation of how the injuries occurred was inconsistent with the type of injuries she received and that in their opinion the injuries were deliberately caused. The jury rejected Mr. Mills' explanation and found him guilty of assault.

Mr. Mills appeals based on the district court's denial of two of his motions *in limine*. In one motion, he objected to photographs the prosecution planned to use as exhibits of the child which depicted old bruises as well as her current injuries. In the second motion, Mr. Mills objected to testimony from his wife, who is also the child's mother, regarding two incidents of domestic violence. The trial court denied both motions. Mr. Mills presents two issues on appeal: 1) "[d]id the court erroneously admit Fed. R. Evid. 404(b) challenged evidence of defendant's past acts/wrongs including photography of past bruising"; and 2) "[w]as the probative value of any of the challenged evidence outweighed by its prejudicial effect under [Fed. R. Evid. 403], especially considering the cumulative effect of all the challenged evidence?"

I

The decision to admit or exclude the photographs is within the district court's sound discretion. We will reverse such decisions only if there is a clear abuse of that discretion. *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1433 (10th Cir. 1993); *United States v. Young*, 952 F.2d 1252, 1259 (10th Cir. 1991). Abuse of discretion "is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of

2

impartiality, prejudice, bias or ill-will as shown by evidence or the record of proceedings." *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987).

The prosecution introduced two sets of six photographs as exhibits. Investigators took the photographs of the victim the day after her injuries were inflicted. The medical experts used the pictures to describe the child's condition and injuries. Some of the photographs depicted old bruises. In addition to the photographs, the prosecution introduced the testimony of various witnesses who testified the child had no bruises prior to the child's mother's relationship with Mr. Mills, and about other suspicious bruising and injuries the child had suffered. The medical experts also testified regarding the older bruising and how these bruises were indicative of abuse.

We note that whether Mr. Mills objected to the admission of the photographs at trial to preserve the issue for appeal is problematic. When the prosecution moved for the admission of the photographs, defense counsel stated: "Your honor, I have no objection. Of course, the Court has already ruled on admissibility." From this statement it appears defense counsel may have failed to preserve the issue for appeal. We are mindful though that the district court had stated just moments earlier that it had already ruled on the admissibility of the photographs. Nevertheless, it would have been appropriate for defense counsel to renew his objection and restate the grounds on which he relied. We have held a motion *in limine* may preserve an issue for appeal under certain circumstances. *United States v. Mejia-Alarcon*, 995 F.2d 982, 986 (10th Cir.), *cert. denied*, 114 S. Ct. 334 (1993). For purposes of this opinion, we will assume, without deciding, that the issue was properly preserved for appeal.

3

Mr. Mills objects to the photographs under Fed. R. Evid. 404(b). Fed. R. Evid. 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Under *Huddleston v. United States*, 485 U.S. 681, 691 (1988), there are four factors which must be met in order to prevent unfair prejudice from resulting from the admission of 404(b) evidence. These factors are: 1) "the evidence [must] be offered for a proper purpose", 2) the evidence must be relevant, 3) the trial court must determine under Fed. R. Evid. 403 "whether the probative value of the ... evidence is substantially outweighed by its potential for unfair prejudice", and 4) "the trial court shall, upon request, instruct the jury that the ... evidence is to be considered only for the proper purpose for which it was admitted." *Id.* at 691-92. The government claims the evidence of past bruising was admissible to show a pattern of abuse, absence of accident and animosity as a motive. These reasons are all proper purposes and make the evidence relevant on the issue of whether Mr. Mills harbored animosity toward the child which he expressed through physical abuse. Such evidence would contradict his claim that the victim's injuries were the result of an accident. Prior to hearing argument on the 404(b) motion the district court stated, "Absence of mistake is a critical issue in this case where there are allegations of past bruising of the child." After a discussion ensued between the attorneys, the district court ruled that pending agreement between the parties regarding which pictures would be shown and "pending my being shown some case law, my ruling would be that the pictures that are necessary to show the child as seen by the medical people when she was brought in will be admitted in evidence .... I don't think we want to do close-up views of an old bruise just to show an old bruise." The district court also rejected the

4

defendant's request to edit the pictures by stating,

> But the whole pictures of the child showing the back and the buttocks, for example, which may have old bruises, it seems to me should come in.
>
> It shows a lot of other things, too. It shows the size of the child and may really be helpful in other points of evidence. One may worry about someone falling on a child if it's a big child as opposed to a very small child, for example.

Rather than challenging the specific *Huddleston* factors, Mr. Mills alleges the evidence of the past bruising was inadmissible because he was never identified as the person who committed the past bruising. In *United States v. Harris*, 661 F.2d 138, 141 (10th Cir. 1981), we dealt with facts very similar to those in the case at bar to find the government presented enough circumstantial evidence to permit the jury to find the defendant had abused his child on prior occasions. The circumstantial evidence included: (1) the fact that the defendant had the opportunity to assault his child, (2) the government negated the possibility that someone other than the defendant had abused the child by calling a list of other caretakers of the child who testified that the child had not suffered any mishaps while in their care, and (3) the defendant's history of emotional problems. *Id.* In the case at bar, the government showed Mr. Mills was the primary caretaker of the child, he had the opportunity to assault the child and that others who cared for the child had no knowledge of any bruising on the child prior to Mr. Mills becoming her caretaker. This evidence combined with the expert testimony that bruises like those found on the victim are not normally caused by accident could allow a reasonable jury to infer that Mr. Mills was the cause of the older bruising as well. We note the admissibility of past wrongs or acts evidence is particularly relevant in child abuse cases where the victim may be too young to provide verbal testimony. In such a case, the evidence of past injuries inflicted while in the defendant's care, absent a probable explanation, becomes highly

5

probative evidence that the injuries were not incurred accidentally. *United States v. Woods*, 484 F.2d 127, 133 (4th Cir. 1973), *cert. denied*, 415 U.S. 979 (1974).

It is also important to note that although some of the photographs did include pictures of old bruises, the central relevance of the photographs was to depict the condition of the child immediately following the events for which the defendant was being charged. It is well-settled that photographs showing the extent of injuries suffered by a crime victim are admissible because they give the jury a more complete understanding of the events and can assist medical experts in their testimony. *United States v. Soundingsides*, 820 F.2d 1232, 1243 (10th Cir. 1987). We are unpersuaded by Mr. Mills' contention that the photographs could have been cropped or edited to remove all evidence of past bruising. As we stated in *Harris*, "a battered child is not a pretty picture." 661 F.2d at 142. The jury was entitled to see an honest representation of what the child looked like to the testifying doctors immediately following the injuries. Each doctor made an assessment that the child's injuries were the result of child abuse based on her old bruises, new injuries and improbability of the defendant's explanation. The evidence pertaining to the old bruises was thus clearly relevant to show a lack of accident, pattern of abuse, possible motive, and to help the jury to understand the medical experts' testimony. The district court did not abuse its discretion in admitting the pictures in their entirety or the testimony explaining them.

II

Mr. Mills also objects to testimonial evidence describing two incidents of domestic violence between Mr. Mills and his wife. This testimony was elicited by the defense on direct examination

of Mrs. Mills and was briefly addressed by the prosecution on cross examination. Prior to Mrs. Mills being called to testify, the prosecution informed the defense they would introduce such testimony to impeach the witness by showing that she may be testifying out of fear from the defendant. *See United States v. Keys*, 899 F.2d 983, 987 (10th Cir.), *cert. denied*, 498 U.S. 858 (1990); *United States v. Bratton*, 875 F.2d 439, 442-43 (5th Cir. 1989) (evidence of defendant-husband's prior physical abuse of wife admissible to establish her motivation to falsify or fabricate testimony out of fear of further physical abuse). Mr. Mills then filed a motion *in limine* to prevent the prosecution from asking Mrs. Mills about the domestic abuse. The district court denied Mr. Mills' motion by stating:

> "if defendant chooses to call [Mrs. Mills], then absolutely she may be questioned about past injuries to her, which would go to credibility of her testimony in at least two different ways.... If she would testify that he was nonviolent, it would go to that issue; but it would also test credibility just as to whether she might be afraid of him or testifying in that way because of her fear."

The defense then made the strategical decision to address such evidence on direct examination. The testimony on such evidence was minimal. In any event, by introducing the evidence of domestic abuse, the defendant lost the ability to appeal the admission of such testimony for "an appellant may not complain on appeal of errors which he himself induced or invited." *Gundy v. United States*, 728 F.2d 484, 488 (10th Cir. 1984). Under these circumstances, we do not find the admission of such evidence to be an abuse of discretion.

III

Mr. Mills also claims that even if the evidence of past bruising and domestic violence was admissible, it should have been excluded under Fed. R. Evid. 403 as its probative value was

substantially outweighed by the danger of unfair prejudice. We disagree. The other evidence against Mr. Mills was overwhelming. The government proved that the victim suffered severe injuries while in his sole care. His defense that the injuries were caused by an accident was refuted by four medical experts. In light of the above, even if the district court had abused its discretion in admitting the evidence of past bruising or domestic violence, we do not find that any unfair prejudice resulted.

For the reasons stated above, the district court's order is **AFFIRMED**.


Entered for the Court:


**WADE BRORBY**
United States Circuit Judge