**UNITED STATES of America, Appellee,**

v.

**Ellva SLAUGHTER, Defendant–Appellant.**

No. 06–2334–cr.

United States Court of Appeals, Second Circuit.

Sept. 20, 2007.

---

Jeremy Schneider, Rothman, Schneider, Soloway & Stern, LLP, New York, NY, for Defendant–Appellant.

212

Harry A. Chernoff, Assistant United States Attorney (Diane Gujarati, on the brief) for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Ellva Slaughter appeals from a judgment of conviction under 18 U.S.C. § 922(g)(1) entered by the United States District Court for the Southern District of New York (Keenan, *J.*) on May 5, 2006. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### I. Evidence of Other Bad Acts

Slaughter appeals the district court's admission of evidence relating to two other episodes in which Slaughter possessed a semiautomatic handgun and matching ammunition. The evidentiary question is reviewed for abuse of discretion. *See, e.g., United States v. Downing*, 297 F.3d 52, 58 (2d Cir.2002).

There are four requisites for admission of "other act" evidence: (1) it must be offered for a proper purpose under Federal Rule of Evidence ("FRE") 404(b), (2) it must be relevant under FRE 402, (3) its probative value must outweigh its prejudicial effect under FRE 403, and (4) the trial court must, upon request, give a proper limiting instruction under FRE 105. *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Slaughter presents arguments that fit loosely under three of these four requirements.

### A. Proper Purpose

■ Under FRE 404(b), while evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show action in conformity therewith," such evidence is admissible for other purposes. The evidence here was properly admitted under the opportunity exception of FRE 404(b). Evidence showing that a defendant possessed a handgun prior to the charged crime is properly admitted to show access to such a weapon. *See United States v. Zappola*, 677 F.2d 264, 270 (2d Cir.1982) (concluding that it was not error to admit testimony that the defendant possessed a handgun six months before he was alleged to have fired a handgun because such evidence "was properly admitted as probative of his access to such a weapon").

### B. Relevance

Slaughter further contends that the evidence should have been excluded because he did not place his mental state in issue. This argument fails. As noted above, the evidence of prior possession of semiautomatic pistols and ammunition was relevant to prove Slaughter's opportunity to be in possession of such firearms and ammunition, an issue that was not laid to rest merely because Slaughter's defense did not contest issues of knowledge if (as he denied) the gun was his.

### C. FRE 403

■ Slaughter argues that the acquittal on the firearm possession count demonstrates that the jury discredited Officer Sharkey's testimony, which, but for the "other act" evidence, was the only evidence offered to support the ammunition possession conviction. Slaughter argues that the "other act" evidence was thus more prejudicial than probative. But Slaughter succeeds only in showing that the "other act" evidence persuaded the jury; evidence is not prejudicial merely because it is persuasive.

The record reflects that Judge Keenan performed the proper FRE 403 balancing test in deciding the *in limine* motion and concluding that the evidence was not unfairly prejudicial. More significantly, Slaughter has not suggested why the "other act" evidence was unduly prejudicial as to the ammunition charge but obviously was not as to the firearm charge of which he was acquitted. Slaughter has failed to show an abuse of discretion.

## II. Prosecutorial Misconduct Through Burden–Shifting

Slaughter argues that the prosecutor's comments during rebuttal summation inappropriately shifted the burden of persuasion onto Slaughter.

This Court has held that "defendants who contend that a prosecutor's remarks warrant reversal 'face a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of their right to a fair trial.'" *United States v. Rahman*, 189 F.3d 88, 140 (2d Cir.1999) (quoting *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993)).

We consider (1) the severity of the misconduct, (2) the curative measures taken, and (3) "the certainty of conviction absent the misconduct." *United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir.1994).

■ Even assuming the prosecutor acted improperly in this case, any misconduct was insufficiently severe to warrant vacatur. The prosecutor consistently reminded the jury that the burden of persuasion remains with the government, even as he repeatedly referenced Slaughter's failure to ask questions or to call witnesses. This Court has upheld convictions after statements made by prosecutors that were substantially similar but distinctly more inappropriate than the statements here at issue. *See, e.g., United States v. Walker*, 835 F.2d 983 (2d Cir.1987).

■ Slaughter argues that *United States v. Cruz*, 797 F.2d 90 (2d Cir.1986), requires a curative instruction after every improper statement by a prosecutor, but that is an incorrect reading of that case. Judge Keenan and the prosecutor surrounded the remarks in question with several statements that the government bears the burden of persuasion. Additionally, Judge Keenan charged the jury that Slaughter's failure to testify or present evidence could not be considered against him, and that the burden remains on the government throughout.

Moreover, any misconduct was essentially harmless, as shown by the fact that the jury acquitted Slaughter on one of the two counts brought against him. *See Locascio*, 6 F.3d at 946 (reasoning that any misconduct was harmless because the jurors "did not robotically vote to convict" where the defendant was acquitted on one count).

## III. Sentencing

Slaughter argues that the district court abused its discretion at sentencing. A sentencing court acts properly when it (1) calculates the appropriate Sentencing Guidelines range, (2) considers the Guidelines range along with the factors listed in 18 U.S.C. § 3553(a), and (3) fashions a reasonable sentence. *See United States v. Crosby*, 397 F.3d 103, 113 (2d Cir.2005).

■ Slaughter makes no argument that the district court miscalculated the appropriate Guidelines range. He does, however, argue both that the district court imposed a sentence "greater than necessary" under § 3553(a) and that the sentence was unreasonable.

We will "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors" under § 3553(a). *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006). Because Slaughter fails to point out anything in the record that suggests otherwise, Slaughter has not established that the district court insufficiently considered the § 3553(a) factors.

We turn finally to the question of substantive reasonableness of Slaughter's sentence. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to abuse of discretion." *Id.* at 27. Slaughter received a Guidelines sentence. While there is no presumption that such a sentence is reasonable, *id.*, we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *id.* Slaughter provides no reason to believe that this case falls outside this overwhelming majority.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**