

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1613-07

**ROBERT WALKER FISCHER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

COCHRAN, J., filed a concurring opinion in which JOHNSON, J., joined.

O P I N I O N

I join the majority opinion. I write separately only to suggest that the disagreement

between the majority and the concurring and dissenting opinion exemplifies why *Harrell v.*

*State*[1] was wrongly decided in 1994 and why it should be overruled today. As the concurring

and dissenting opinion notes, we generally follow the United States Supreme Court on

matters dealing with the Texas and Federal Rules of Evidence when those rules read the

---

[1] 884 S.W.2d 154 (Tex. Crim. App. 1994).

same.[2]  The United States Supreme Court has stated that Rule 104(b) requires the admission

of conditionally relevant evidence once the proponent of the evidence (here the State) has

produced sufficient admissible evidence to "support a finding" of the fulfillment of the

condition.[3]

Under both Federal and Texas Rule 104(b), the threshold burden of relevancy is very

low: "The preliminary fact can be decided by the judge against the proponent only where the

jury could not reasonably find the preliminary fact to exist."[4]  Unlike determinations made

under Rule 104(a), a rule that employs a "preponderance of the evidence" standard, the

proponent need produce only "some evidence", or a "prima facie" showing, before the trial

judge is required to admit the conditionally relevant evidence under Rule 104(b).[5]

However, in *Harrell v. State*,[6] this Court declined to follow federal precedent and both

---

[2] Concurring and Dissenting Op. at 2 n.3 ("Although *Huddleston* construes the Federal Rules of Evidence, our Rule 104(a) and (b) are in all material respects identical to Federal Rules of Evidence 104(a) and (b).  'Cases and commentaries interpreting the Federal Rules of Evidence are instructive in our consideration of similarly worded provisions in our own rules.' *Coffin v. State*, 885 S.W.2d 104, 147 n.4 (Tex. Crim. App. 1994).").

[3] *See Huddleston v. United States*, 485 U.S. 681, 688-91 (1988) (if there is some evidence, such that a jury could reasonably conclude that the defendant committed an extraneous offense, evidence of that offense is conditionally relevant, and, if otherwise admissible, trial judge may not exclude it); *see generally*, 21 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE(1977).

[4] WRIGHT & GRAHAM, *supra* § 5054, at 269.

[5] *See* Olin G. Wellborn III, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error*, 18 ST. MARY'S L.J. 1165, 1189 (1987) (Criminal Rule 104(b) requires only a "prima facie" showing of the preliminary fact).

[6] 884 S.W.2d at 159-60.

federal and Texas commentators. It held that Texas Rule 104(b) requires the trial judge to determine that there is sufficient evidence to support a jury finding that the defendant committed the act beyond a reasonable doubt before the court may admit evidence of an extraneous offense.[7]

The rationale that we expressed for this unusual interpretation of Rule 104(b) in *Harrell* was that Texas law has long required judges to instruct jurors not to consider evidence of an extraneous offense unless the jurors believe, beyond a reasonable doubt, that the defendant committed that offense.[8] But, as Judge Clinton noted in his concurrence in *Harrell*, it was far from evident that jurors had historically been instructed not to consider extraneous offense evidence unless the jury believed "beyond a reasonable doubt" that the defendant committed that act.[9] Also, even if jurors had been so instructed in pre-

---

[7] *Id.* at 160 (recognizing but rejecting standard of proof set out in *Huddleston* for conditionally relevant evidence under Criminal Rule 104(b)).

[8] *Id.* at 158-60.

[9] *Id.* at 162-63 (Clinton, J., concurring). Judge Clinton stated, *inter alia*,
the majority simply concludes, relying on long-time precedent, all of which pre-dates the Rules of Criminal Evidence, that jurors still must be instructed to find an accused perpetrated extraneous misconduct beyond a reasonable doubt before they can consider them in their deliberations. From this uncritically accepted premise the majority reasons that it necessarily follows that the standard for admissibility of such evidence is also proof beyond a reasonable doubt, and that the trial court therefore should determine, as a predicate to admissibility of such evidence in the first place, whether a rational jury *could* conclude, to a level of confidence beyond a reasonable doubt, that the accused committed the extraneous misconduct. Along the way the majority hypothecates that whenever this Court has said in the past that it must be "shown" that the accused committed the extraneous misconduct, and that the proof must be "clear" to be admissible, what we meant all along was that the trial court must be able to say that a rational jury could find beyond a

Rules cases, there is nothing in either the rules or logic that requires a "mirror" connection between the standard of proof for the admissibility of evidence and the standard by which jurors should evaluate that evidence.  It is one thing to say that the State must prove the defendant's guilt beyond a reasonable doubt and an entirely different thing to say that the State must establish the relevancy of its evidence beyond a reasonable doubt before the trial judge may admit that evidence for the jury's consideration.  Surely one would not think that the State must prove, beyond a reasonable doubt, the accuracy of an eyewitness's identification before the eyewitness can testify that she saw the defendant shoot the victim.

As noted by Professors Mueller and Kirkpatrick, jurors are best suited for deciding whether the individual pieces of evidence, when viewed as a whole, actually support guilt or innocence.[10]  The judge is just a minimal gatekeeper when it comes to conditionally relevant evidence because juries, not judges, decide the importance or probative value of all evidence:

> FRE 104(b) says that the jury decides whether a condition of fact has been fulfilled if the relevancy of evidence depends on it.  Juries do the work of sorting out various pieces of fragmented evidence and deciding whether the resulting picture supports conviction or acquittal or recovery or rejection of claims.  FRE 104(b) is useful in codifying the point that separate items of evidence may be interdependent, so accepting or rejecting one item can make others rise in importance or fall away altogether.  And FRE 104(b) confirms

---

reasonable doubt that the accused was the perpetrator. This whole process of reasoning seems to me to be result-oriented, and not a little disingenuous.

*Id.*

[10]  CHRISTOPHER B. MUELLER AND LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 34, at 184-85 (2d ed. 1994).

that juries play a vital role in assessing such matters.[11]

It is especially ironic that here in Texas, the most jury-happy state in the United States, this Court has implied that we trust juries so very little that a trial judge may not admit evidence of an extraneous act (or any other type of conditionally relevant evidence)[12] unless the judge first decides that a jury could find that the defendant committed that act beyond a reasonable doubt. Such a holding is wildly distrustful of the legitimate fact-finding role of jurors and illogically conflates the standard of proof of guilt with the very low threshold for admission of conditionally relevant evidence.

If *Harrell* were consigned to the dustbin, and we followed *Huddleston* and other federal precedent on Rule 104(b) as the concurring and dissenting opinion suggests that we should, we would not be engaged in semantical strife. The plain words of the Texas rule should be followed: If the relevancy of any evidence (such as appellant's access to the Cricket Rifle) depends upon the fulfillment of a condition of fact (such as the likely use of that rifle as the murder weapon) the trial court shall (and must) admit it upon, or subject to, the introduction of evidence "sufficient to support a finding of the fulfillment of the

---

[11] *Id.*

[12] I agree with Judge Womack in his concurring opinion that the relevancy of the evidence concerning the missing Cricket rifle depends upon appellant's access to that rifle, not the commission of a theft or any other act of misconduct. But that access evidence is only conditionally relevant and depends upon the offer of "some" evidence that the Cricket rifle was likely used to murder appellant's aunt. Once "some" evidence–evidence sufficient to support a finding–of both appellant's "access" and "murder weapon" has been offered, the jury is then capable of deciding (1) whether to make a connection between the two evidentiary items; and (2) the probative force of that evidence.

condition."  This Court, in *Harrell*, ignored both the plain language of the rule and its purpose.

Filed: October 29, 2008

Publish