United States v. Pica

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                             **Chief Judge**,
            RICHARD C. WESLEY,
                             **Circuit Judge**,
            RICHARD J. SULLIVAN,[*]
                             **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        **Appellee**,

        -v.-                                          10-3594-cr

CHRISTOPHER PRINCE, CHARLES SANTIAGO,
SALVATORE MANISCALCO, JR., JOHN
DELUTRO, a/k/a Whiz, a/k/a Wizzie,

        **Defendants**,

---

[*] The Honorable Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**ANTHONY PICA,**

       **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Diarmuid White & Brendan White, White & White, New York, NY.

**FOR APPELLEE:**          Tali Farhadian, Peter A. Norling, Nicole M. Argentieri, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Anthony Pica appeals from a judgment of conviction entered on August 26, 2010 by the United States District Court for the Eastern District of New York (Amon, <u>J.</u>) for conspiracy to commit robbery and attempted robbery in violation of 18 U.S.C. § 1951(a), use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and causing death by use of a firearm in violation of 18 U.S.C. § 924(j). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Pica contends on appeal that the district court erred in failing to admit a videotaped confession of a coconspirator that does not implicate Pica. At trial, that coconspirator, Joseph Gencarelli, identified Pica as the orchestrator of the attempted robbery. On cross examination, Gencarelli repeatedly admitted that he had omitted Pica's name from his previous confessions and explained that he lied because he and Pica "were close friends" and he "wanted to keep him out of it." Def.'s App. 90, 95-96. The district court excluded the videotape.

Mindful of the district court's wide latitude in determining both whether evidence is admissible, see Manley v. AmBase Corp., 337 F.3d 237, 247 (2d Cir. 2003), and in controlling the "mode and order" of examination and introduction of evidence, Fed. R. Evid. 611(a), we cannot say that it was an abuse of discretion to exclude the videotape in the circumstances of this case. In any event, any error would have been harmless, given the extensive cross examination of Gencarelli about his admissions that omitted Pica's involvement and the overwhelming evidence introduced by the government, including that of two other coconspirators, an incriminating statement made by Pica shortly after his arrest, and phone records from the day of the shooting.

Pica challenges the district court's admission of testimony about Pica's past drug-related activity. During the cross examination of one coconspirator, defense counsel painstakingly reviewed the "coverage paragraph" contained in his cooperation agreement, which describes the crimes for which the government had agreed to not pursue charges. Defense counsel elicited as to many of the crimes in the coverage paragraph that Pica was not involved. However, counsel did not ask about the witness's narcotics distribution--which *did* involve Pica. As a result, the government sought to introduce testimony on redirect about the witness's past narcotics-related activity involving Pica to establish a "criminal relationship" between them. The district court properly admitted the testimony. Under the applicable rule set forth in Huddleston v. United States, 485 U.S. 681 (1988), we conclude that (1) the evidence was admitted for a proper purpose, in this case to establish a criminal relationship and mutual trust between coconspirators, see United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993); (2) the evidence was relevant to a disputed issue, in this case whether Pica was involved in the conspiracy with the cooperating coconspirators; (3) the probative value was not "substantially outweighed" by its potential for unfair prejudice; and (4) the district court gave a proper limiting instruction. See Huddleston, 485 U.S. at 691-92. As to the issue of unfair prejudice, we also note that the "weighing of relevance under Rule 403 may be altered when a false impression is created by earlier testimony. That is, evidence whose probative value might

3

not ordinarily outweigh its prejudicial effect if offered on direct examination is admissible to rebut testimony elicited on cross examination that created a false impression." United States v. Bilzerian, 926 F.2d 1285, 1296 (2d Cir. 1991).

Finally, Pica argues that the government failed to introduce sufficient evidence to support the jury verdict that the shooting of Louis Antonelli caused his death. The government presented testimony from the trauma surgeon who operated on Antonelli the day of the shooting that (1) Antonelli had suffered two gunshots to his chest that damaged his diaphragm, stomach, and right kidney; (2) Antonelli had left the five-hour surgery in unstable condition suffering from "Adult Respiratory Distress Syndrome," which basically prevents oxygen from being carried through the body; and (3) Antonelli had left surgery to the intensive care unit where he died thirteen days later. Although it may be ordinary practice for the prosecutor to introduce an autopsy report or testimony from a medical examiner to establish the cause of death, such evidence is not required. A jury is permitted, as it did here, to find an element of a crime proven beyond a reasonable doubt based solely on circumstantial evidence. See United States v. Abu-Jihaad, 630 F.3d 102, 135 (2d Cir. 2010). Here, a rational juror could have found beyond a reasonable doubt that Antonelli's death was caused by the shooting, and we therefore will not disturb that finding. See United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998).

Finding no merit in Pica's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4