**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1399
_____


UNITED STATES OF AMERICA

v.

SEAN MOFFITT,
Appellant

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-12-cr-00147-002)
District Judge:  Hon. Maurice B. Cohill, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2015

Before:  CHAGARES, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: February 18, 2015)


_____

OPINION*
_____


* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Defendant Sean Moffitt appeals his conviction on the ground that the District Court erred by admitting certain evidence pursuant to Federal Rule of Evidence 404(b). For the reasons that follow, we will affirm.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On June 5, 2012, Moffitt and two others were charged with conspiring to possess with intent to distribute five kilograms or more of cocaine and attempting to possess with intent to distribute five kilograms or more of cocaine following their participation in a Bureau of Alcohol, Tobacco, Firearms and Explosives reverse sting operation. Moffitt's co-defendants pled guilty to both counts.

Before trial, the Government notified Moffitt of its intention to introduce evidence of Moffitt's 2009 conviction for possession with intent to distribute a controlled substance and 2006 conviction for possession with intent to deliver a controlled substance. Moffitt filed a motion in limine to exclude the evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. Appendix ("App.") 32–36. The Government responded that it planned to introduce the evidence to demonstrate intent and motive to engage in drug trafficking, lack of mistake, and to demonstrate predisposition in order to rebut a potential entrapment defense. App. 38. The District Court denied Moffitt's motion. The Government introduced the evidence of the prior convictions at trial and the District Court issued a limiting instruction at the close of the case. Moffitt was convicted

2

by a jury of both counts.  He received a life sentence for each count.  Moffitt timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We review a District Court's evidentiary rulings for an abuse of discretion.  United States v. Smith, 725 F.3d 340, 344–45 (3d Cir. 2013) (citing United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010)).

## III.

Moffitt argues that the District Court violated Rule 404(b) in admitting the evidence of his 2009 and 2006 convictions.  Rule 404(b) prohibits the introduction of evidence of a crime "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive."  Fed. R. Evid. 404(b)(2).  To determine the admissibility of prior bad acts evidence, a District Court "must analyze, under the familiar Huddleston test, whether the evidence:  (1) has a proper evidentiary purpose under Rule 404(b); (2) is relevant under Rule 402; (3) is of such probative value as to outweigh the prejudice to the defendant as required by Rule 403; and (4) is accompanied by a proper limiting instruction."  Smith, 725 F.3d at 344 (citing Huddleston v. United States, 485 U.S. 681, 691 (1988)).

3

Here, under the first prong of the <u>Huddleston</u> test, Moffitt concedes that the challenged evidence was introduced for the proper evidentiary purpose of demonstrating intent, as intent was at issue in the case. Moffitt Br. 18.

Under the second prong, Moffitt argues that the District Court erred by allowing admission of the evidence without articulating the chain of non-propensity inferences required to justify admission. "'In proffering [prior act] evidence, the government must explain how [the evidence] fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference.'" <u>United States v. Caldwell</u>, 760 F.3d 267, 281 (3d Cir. 2014) (quoting <u>United States v. Davis</u>, 726 F.3d 434, 442 (3d Cir. 2013).

In its response to Moffitt's motion in limine to exclude the challenged evidence, the Government explained that "[w]hen a defendant's intent or motive to conspire or attempt to engage in drug trafficking is at issue, the probative value of other instances of drug-trafficking is acute." App. 41. This is because in such a case, "particularly one involving a sting operation such as in this case, intent and motive, and, to a lesser degree, lack of mistake and knowledge, are paramount." App. 38. Further, when "an entrapment defense is very likely to be presented . . . [e]ntrapment places predisposition front and center." <u>Id.</u>

The District Court admitted the evidence, finding it to be relevant and adopting the Government's description of its relevance. App. 55. While the District Court did not itself outline this chain of inferences, it was not required to do so as the relevance of the evidence was apparent from the record. <u>United States v. Sampson</u>, 980 F.2d 883, 888

4

(3d. Cir. 1992) ("Unless the reason is apparent from the record, a mere list of the purposes found in Rule 404(b) is insufficient."). Moffitt was charged with conspiring with intent to distribute and attempting to possess with intent to distribute cocaine. He concedes that he placed his intent to do so at issue in this case. The two prior convictions the Government introduced were for possession with intent to distribute and possession with intent to deliver controlled substances. Given that Moffitt challenged his intent to participate in the drug distribution scheme in this case, it was not an abuse of discretion for the District Court to determine that his past acts of drug distribution were relevant to whether he had that intent here.

Under the third prong of Huddleston, the District Court was required to weigh the probative value of the evidence with the prejudice to the defendant as required by Rule 403. The District Court referenced this balance, App. 55, and, again, did not err by failing to provide further explanation, as the Rule 403 analysis was apparent from the record. The Government explained the probative value of the evidence, App. 41, addressed the potential prejudice to the Defendant, agreed to exclude the first of Moffitt's three prior convictions for drug trafficking, and agreed to limit the evidence of his two other convictions to "the fact, nature, and location of the . . . convictions, instead of the admission of detailed evidence the underlying conduct." App. 43. The District Court did not err in its balancing under Rule 403.

Finally, under the fourth prong, Moffitt alleges that the District Court erred by failing to issue a contemporaneous limiting instruction to the jury. At the close of the case, the District Court instructed the jury that they were to consider the evidence of

5

Moffitt's prior convictions "only for the purpose of deciding whether Mr. Moffitt had an intent or motive to attempt to possess with intent to distribute a controlled substance, or to conspire to do so, and to assess his credibility and whether he was entrapped into doing so." App. 531. Moffitt neither requested a contemporaneous instruction nor objected when one was not given. Thus, we review this claim only for plain error. See, e.g., United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999).

Moffitt does not challenge the contents of the limiting instruction given to the jury at the end of the case, but instead only asserts that the District Court erred in failing also to provide a contemporaneous instruction. He alleges that our opinion in Davis held that a District Court is required to issue a contemporaneous limiting instruction. Moffitt Br. 25. However, Davis only referred to the lack of a contemporaneous instruction in dicta and stated that putting aside that issue and the flawed content of the instruction, reversal still would have resulted. Davis, 726 F.3d at 445. Moffitt fails to identify any authority that held it is reversible error to issue a limiting instruction at the close of a case when a defendant has failed to request or object to the lack of a contemporaneous instruction. It was not plain error for the District Court to fail to do so. Therefore, the District Court did not abuse its discretion in admitting the evidence of Moffitt's 2009 and 2006 convictions.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

6