**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50519 |
| Plaintiff-Appellee, | D.C. No. 5:13-cr-00087- VAP-1 |
| v. | |
| JOSE JESUS PEREZ, AKA Jose Jesus, Jr., AKA Jose J. Perez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted August 29, 2016[**]
Pasadena, California

Before:     TASHIMA, SILVERMAN, and WATFORD, Circuit Judges.

Jose Jesus Perez appeals his conviction on three counts of deprivation of

rights under color of law in violation of 18 U.S.C. § 242. We have jurisdiction

under 28 U.S.C. § 1291 and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

All of the charges were based on sexual encounters Perez had with two women while he was serving as a San Bernardino police officer. We review the district court's evidentiary rulings for an abuse of discretion. *See United States v. Hayat*, 710 F.3d 875, 893 (9th Cir. 2013).

1.     Perez contends that the district court's grant of the government's motions *in limine*, which precluded the introduction of evidence of one of the victim's prior relationships with two other San Bernardino police officers, deprived him of his right to due process and a fair trial.

In cases involving alleged sexual misconduct, Federal Rule of Evidence 412 excludes "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a)(1)-(2). The purpose of the rule is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." *Id.* advisory committee notes to 1994 amendments.

Perez sought to introduce evidence of the victim's sexual history with other San Bernardino police officers to imply that she consented to sexual activity with him, Perez. This is precisely the sort of evidence that Rule 412 was designed to

2

preclude.  Perez contends that this evidence was admissible under Rule

412(b)(1)(C), which allows a criminal defendant to introduce evidence if its

exclusion would violate the defendant's constitutional rights.  But the Constitution

does not require the admission of the victim's sexual history, which would serve

no purpose other than to play on social prejudices surrounding sexual activity and

to "infus[e] sexual innuendo into the factfinding process."  *Id.*  The district court's

straightforward application of  Rule 412 was not an abuse of discretion.[1]

**2.**	The counterpart to Rule 412, Federal Rule of Evidence 413, permits

the district court to "admit evidence that the defendant committed any other sexual

assault."  Fed. R. Evid. 413(a).  "Evidence that tends to show that [a defendant]

committed another sexual assault . . . tends to show that [the defendant] had the

propensity to commit another sexual assault."  *United States v. Redlightning*, 624

F.3d 1090, 1120 (9th Cir. 2010).  Rule 413 defines sexual assault as "a crime under

federal law or under state law" that includes "any conduct prohibited by 18 U.S.C.

chapter 109A" and "an attempt . . . to engage in [the] conduct described" above.

Fed. R. Evid. 413(d)(1), (5).  An attempted violation of 18 U.S.C. § 2242 thus falls

within the ambit of Rule 413.

---

[1]	The district court also noted that any probative value of this evidence was substantially outweighed by the danger of prejudice to the victim's credibility. *See* Fed. R. Evid. 403.  We need not reach this alternate ground.

18 U.S.C. § 2242 prohibits knowingly "caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear." 18 U.S.C. § 2242. The question here is whether Perez placed X.C. in fear. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). Thus, the government was required to introduce sufficient evidence for a reasonable jury to find by a preponderance of the evidence that Perez placed X.C. in fear. *See Huddleston v. United States*, 485 U.S. 681, 690 (1988) ("In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court . . . examines all the evidence . . . and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence."). The government's evidence shows that Perez approached X.C. at night when she was isolated and alone. He was driving his police car and wearing his uniform. Finally, he implied that X.C. might be arrested on drug charges and pressured her to have sex with him. These facts, taken together, are sufficient to allow a reasonable jury to find by a preponderance of the evidence that Perez placed X.C. in fear. The district court therefore did not abuse its discretion in admitting evidence of Perez's encounter with X.C. under Rule 413.

**3.**     The district court also did not abuse its discretion in declining to exclude evidence of Perez's encounter with X.C. under Rule 403. In applying Rule 403 to evidence of a defendant's prior sexual misconduct, the district court must consider: "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001) (quoting *Rudy-Glazner v. Glazner*, 232 F.3d 1258, 1268 (9th Cir. 2000)). The district court thoroughly considered each of these factors. We conclude that three of the five factors favor the government's position. First, Perez's conduct towards X.C. is particularly probative because it was very similar to his encounters with the victims in this case. Second, the encounter with X.C. was only approximately one year before the charged crimes, which is a relatively short period of time. On the fourth factor, the district court determined that there were no intervening events between the X.C. encounter and Perez's charged conduct toward the victims here that would lessen the probative value or increase the prejudicial effect of the uncharged conduct. The district court carefully applied the *LeMay* factors and we conclude, on balance, that this application was not an abuse of discretion.

5

**4.**     Finally, Perez raises a due process claim based on the asserted cumulative effect of the challenged evidentiary errors.  Because, as we have explained above, the district court's evidentiary rulings were proper, Perez's as-applied due process challenge fails as a matter of law.  *See LeMay*, 260 F.3d at 1027 ("If the prior acts of molestation were properly admitted under Rule 403, there can have been no as-applied constitutional violation.").

•   ●   •

For the foregoing reasons, the judgment of conviction is

**AFFIRMED.**