MEMORANDUM **
In the summer of 2010, Mikal Xylon Wilde hired three men (Christopher Bige- *673 low, Francisco Lopez-Paz, and Roberto Juarez-Madrid) to work on his marijuana farm. In the ensuing months, the men’s living and work conditions deteriorated because Wilde confiscated their phones, required them to perform onerous manual labor, neglected to replenish their food, and failed to pay them as agreed.
On August 25, 2010, the men contacted Wilde’s business partner, Tom Tuohy, and threatened to report the marijuana operation if they did not receive payment. When Wilde discovered that the men had complained to Tuohy, he was angry but promised to pay and escort them back to the city. That night, Wilde went to the men’s trailer and shot at all three men, killing Juarez-Madrid and severely injuring Lopez-Paz in the face. Bigelow and Lopez-Paz escaped and hid in the woods nearby.
The next morning, Lopez-Paz went to a fire department, gave a statement to law enforcement, and was escorted to a hospital. Bigelow, meanwhile, encountered a jogger, explained his situation, and asked for help. The jogger found assistance for Bigelow, who then gave his statement to officers.
Before trial, Tuohy testified in front of a grand jury and mentioned an email that he had received from Wilde, asking whether anyone would miss Lopez-Paz if he vanished. Experts from the FBI, Yahoo, and Microsoft could not locate the email but acknowledged that it could have been deleted. Tuohy also testified that Wilde had the password to Tuohy’s email account and that Wilde’s sister visited Tuohy after the murder and asked Tuohy to delete all his emails.
A jury convicted Wilde of first-degree murder and several drug offenses. The court sentenced Wilde to life plus thirty-five years. Wilde appeals three evidentiary rulings and one jury instruction. We affirm.
1. The district court did not abuse its discretion in allowing Tuohy to testify about the missing email. See Fed. R. Evid. 1008. The court exercised its gate-keeping function under Rule 104(b) and determined a reasonable jury could conclude that the disputed email existed. See Huddleston v. United States, 485 U.S. 681, 690, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (holding that under Rule 104(b), the “court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence”).
The district court did not commit plain error by not instructing the jury that it should find preliminary facts about the email’s existence before attributing any weight to the email’s contents. Even if the district court did err by failing to instruct, Wilde has not shown that such error contravened clearly settled law. See United States v. Greer, 640 F.3d 1011, 1019 (9th Cir. 2011) (failure to instruct the jury was not plain error where “no circuit has held that [the disputed] instruction is required and at least one circuit has held that it is not”). Moreover, because the testimony made clear that there was no record that the contested email was sent or received and its existence was hotly contested, no rational juror would rely on its alleged contents if he or she did not first conclude that it had in fact existed; any instruction to that effect thus could not have made a difference. Finally, the record contains substantial evidence of premeditation, so any error did not prejudice Wilde. See United States v. Torralba-Mendia, 784 F.3d 652, 662 (9th Cir. 2015) (holding that plain error did not affect the outcome where there was “a substantial amount of evidence, aside from [the erroneously admitted testimony]”).
*674 2. The district court did not abuse its discretion in admitting prior consistent statements by Bigelow and Lopez-Paz. See Fed. R. Evid. 801(d)(1)(B). Bigelow’s prior consistent statement was admissible because the defense cross-examined him extensively with parts of the statement. See United States v. Collicott, 92 F.3d 973, 979-80 (9th Cir. 1996) (“[T]his Circuit has historically allowed a. party to introduce prior statements because they were part of the same conversation or document from which impeaching inconsistent statements were drawn.”).
Lopez-Paz’s prior consistent statement was admissible because the defense opened the door by questioning him about a U non-immigrant status visa he received from the government. See Arizona v. Johnson, 351 F.3d 988, 999 (9th Cir. 2003) (holding that a charge of improper motive based on receipt of immigration benefits opens the door to prior consistent statement).
3. The district court’s decision to admit Bigelow’s out-of-court statement to the jogger did not result in prejudice because Bigelow, Lopez-Paz, and even Wilde himself testified at trial about the same events that Bigelow relayed to the jogger. Also, Bigelow’s prior consistent statement concerning those same events was, as we have explained, properly admitted. Woods v. Sinclair, 764 F.3d 1109, 1125-26 (9th Cir. 2014) (finding no prejudice where the hearsay statements “were cumulative of the testimony by [another witness]” who testified to the same event); United States v. Sherlock, 962 F.2d 1349, 1365 (9th Cir. 1989) (finding no prejudice where “[a]t least two other witnesses testified” to the same events as the hearsay declarant).
4. The district court properly instructed the jury that in determining the amount of marijuana, all marijuana plants should be included in the quantity, regardless of sex. See United States v. Traynor, 990 F.2d 1153, 1160 (9th Cir. 1993), overruled on other grounds by United States v. Johnson, 256 F.3d 895 (9th Cir. 2001) (“It is not obviously irrational for Congress not to distinguish between male and female marijuana plants, regardless of THC level.”). The challenged instruction does not violate Wilde’s due process rights, and therefore, the district court did not abuse its discretion in giving the instruction.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.