# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

MELANIE BARNETT CURTIN

NO. 2025 KW 1168

**NOVEMBER 13, 2025**

---

In Re:   State of Louisiana, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 40759.

---

**BEFORE:   THERIOT, MILLER, AND FIELDS, JJ.**

   **WRIT DENIED.** The trial court retains its gatekeeping function during the course of trial and should continue to determine the admissibility of each item of evidence and balance its probative value versus prejudicial effect based on the presentation of evidence and its context within that presentation. **State v. Smith**, 2012-1560 (La. App. 1st Cir. 5/2/14), 2014 WL 3510697, *7, writ denied, 2014-1171 (La. 1/16/15), 157 So.3d 1127; See La. Code Evid. art. 403; See also **Huddleston v. United States**, 485 U.S. 681, 690-91, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988). Our prior opinion in **State v. Curtin**, 2022-1110 (La. App. 1st Cir. 10/5/23), 376 So.3d 918, writ denied, 2023-01464 (La. 4/23/24), 383 So.3d 603, does not hamstring the trial court, nor does it serve as carte blanche authority to admit or as an instruction to deny evidence. At trial, the admissibility of the evidence remains subject to all other standards for admissibility under La. Code Evid. arts. 403, 404, 412, 607, 608, and 613. **State v. Bolden**, 2021-283 (La. App. 5th Cir. 6/30/21), 325 So.3d 602, 605. The trial court's answer to these questions and its corresponding rulings on the admissibility of the evidence will not be disturbed absent an abuse of discretion. **State v. Guzman**, 2022-0502 (La. App. 1st Cir. 11/17/22), 356 So.3d 1092, 1100, writ denied, 2022-01821 (La. 5/31/23), 361 So.3d 463.

                                    **SMM**
                                    **WEF**

   **Theriot, J.**, concurs and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT